[No. 37846. Department One. April 14, 1966.]

AUSTIN S. OWEN *et al., Respondents,* v. ANTHONY B. MATZ *et al., Appellants.**

*Moschetto & Alfieri* and *K. R. St. Clair,* for appellants.

*Lundin, Barto & Goucher,* for respondents.

PER CURIAM.—The defendants, in an action for termination and cancellation of a real estate contract (having already surrendered possession of the premises) counterclaim, asking for a rescission, and for the money paid and other damages, alleging that they were induced to sign the contract and make the payments by false and fraudulent representations.

These allegations of fraud represent the only issue, and we have, basically, a factual appeal.

Finding 11 of the trial court covers the fraud facet of the case as well as we could in several pages:

. That at the trial of this action, the defendants failed to prove by clear, cogent and convincing evidence the allegations of their Answer and Cross-Complaint that they

*Reported in 413 P.2d 368.

were induced by the plaintiffs to purchase the premises by fraud and misrepresentation.

The Court finds that the defendants had unlimited opportunity to and did inspect the premises before closing the transaction with the plaintiffs. Further, the Court finds that the representations made by the plaintiffs to the defendants relative to the condition of the premises were general in nature and that the physical defects in the premises to which the defendants testified were not sufficiently material to justify a rescission of the contract.

Further, the Court finds that any statements that were made by the plaintiffs to the defendants relative to income that the defendants could expect to make from the premises were not representations of an existing fact, but were only predictions as to future earnings, and the defendants had no right to rely thereon.

The Court further finds that the defendants knew before the transaction was closed that they were required to obtain a license to conduct a trailer court upon the premises. This knowledge created a duty on their part to investigate if the premises complied with existing county ordinances relative to the operation of a trailer park. The Court further finds that the defendants failed to offer any evidence as to the cost of correcting any defects in the premises about which they testified.

Moreover, the Court finds that the parties entered into a supplemental agreement amending the original contract with reference to the terms of payment, in a manner beneficial to the defendants and at their request, and that this supplemental agreement was entered into long after the defendants had taken possession of and when they were well aware of the condition of the premises and of its suitability for use and occupancy.

The Court finds further that the action of the defendants in executing the supplemental agreement constituted a waiver by them of any claim for rescission of the contract and the defendants are now estopped to assert that they were induced to enter into the original agreement by fraud and misrepresentation on the part of the plaintiffs.

The Court further finds that the defendants made payments upon the contract long after they were well aware of the condition of the premises and of its suitability for use and occupancy without making objections thereto to the plaintiffs.

The quoted finding insofar as it relates to evidentiary facts is supported by substantial evidence;[1] and insofar as it states the law, it does so correctly.

 Nothing more needs to be said to support the judgment of the trial court on the fraud issue, but we will elaborate briefly on the supplemental agreement referred to in the finding as constituting a waiver of rescission, because that in itself would be decisive of any right of the defendants to set aside the transaction irrespective of fraud.

The contract as executed March 31, 1962, provided for a purchase price of $138,000, with a $13,000 down payment, the balance to be paid in monthly payments of $875, except for a $5,000 payment to be made October 1, 1962.

Within a week from the execution of the contract, the defendants had learned that they could not rent trailer spaces until each trailer space was connected with the trunk sewer; by June 1962, they had found the decay and dry rot in the motel buildings in addition to the fire damage above the ceiling of the bus depot; and further that the roof of the motel leaked. Yet with full knowledge of these things, and without any suggestion of rescinding, they asked that the contract be amended, and this was done by changing the $5,000 payment due October 1, 1962, to $1,000 a year over a 5-year period. This change was sought because the defendants had spent much more than they had anticipated on the installation of coin-operated dry cleaning equipment. They made the first $1,000 payment as provided in the changed agreement.

This was the basis of the trial court's finding that the parties amended the contract at the request of, and in a manner beneficial to, the defendants, and long after they were aware of the condition of the premises and of its suitability for use and occupancy.

This brought the case clearly within the principle that when a party claiming to have been defrauded, enters after discovery of the fraud into new arrangements or engage-

---

[1]For the effect of such a situation, see *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

ments concerning the subject matter of the contract claimed to have been procured by fraud, he is deemed to have waived any claim for rescission[2] and under certain circumstances for damages.[3]

We agree with the trial court that the defendants did not prove fraud by clear, cogent and convincing evidence; and that if it be assumed that there was fraud, their right to rescind was waived. (Evidence on which to base damages apart from a rescission was completely lacking.)

The judgment appealed from is affirmed.

[2]*Bowman v. Webster*, 44 Wn.2d 667, 269 P.2d 960 (1954); *Buttnick v. Clothier*, 43 Wn.2d 667, 263 P.2d 266 (1953); *Power v. Esarey*, 37 Wn.2d 407, 224 P.2d 323 (1950).

[3]*Kessinger v. Anderson*, 31 Wn.2d 157, 196 P.2d 289 (1948); *Bonded Adjustment Co. v. Anderson*, 186 Wash. 226, 57 P.2d 1046, 106 A.L.R. 166 (1936); *Keylon v. Inch*, 178 Wash. 522, 35 P.2d 73 (1934).