[No. 9407–3–III.   Division Three.   December 7, 1989.]

KENNETH GENE JOHNSON, ET AL, *Appellants,* v. WILLIAM A. BRADO, ET AL, *Respondents.*

*Frank Devine* and *Homer Splawn,* for appellants.

*Walter Meyer, Mark Watson,* and *Meyer & Fluegge,* for respondents.

SHIELDS, J.—A jury found that William A. Brado d/b/a Cascade Brokers, and Delia Hinkle, an agent of Advanced Real Estate, Inc., had made negligent misrepresentations to Ken and Nancy Johnson concerning a home they had purchased. The trial court submitted an instruction to the jury on the issue of waiver. By special verdict, the jury found the Johnsons had waived their right to claim damages. The Johnsons appeal; we reverse and remand.

Theresa Lafferty, the seller of the home who is not a party to this action, executed a listing agreement with Mr. Brado. On the listing agreement, Ms. Lafferty indicated her home was connected to the city sewer. This information was later placed in the Multiple Listing Exchange. Ms. Hinkle showed a copy of the listing to the Johnsons. On September 28, 1984, the sale of the home to the Johnsons was closed. On October 3, 1984, the Johnsons learned from the City that the home was not connected to the sewer. The Johnsons immediately contacted Ms. Hinkle, who later verified that fact. On October 4, Mr. Brado and Ms. Hinkle hand delivered a letter which stated they would buy back the house from the Johnsons or pay for assuring the septic tank was in good repair. The Johnsons did not reply to this offer, but moved into the home. The Johnsons then

retained an attorney, who by letter to Mr. Brado, Ms. Hinkle and Ms. Lafferty, dated January 8, 1985, requested damages of $25,000, alleging the home was not on the city sewer, the home was served by an old septic system beyond its ordinary longevity, and a latent water damage problem existed in the master bathroom. No settlement agreement was reached; suit was commenced in September 1985. At trial, the Johnsons objected to the giving of instruction 13 concerning the doctrine of waiver,[1] contending that there was insufficient evidence that waiver existed. That objection was overruled. Using a special verdict form, the jury found Mr. Brado and Ms. Hinkle had made negligent misrepresentations to the Johnsons, and that their negligence was a proximate cause of the damage the Johnsons sustained. The jury also found, however, the Johnsons had waived their right to claim damages. The trial court then entered a judgment on the verdict in favor of the broker and agent.

██ When a misrepresentation is made to a purchaser concerning land, the purchaser may either rescind the contract or enforce the contract and sue for damages. *Weinstein v. Sprecher,* 2 Wn. App. 325, 330, 467 P.2d 890 (1970); 92 C.J.S. *Vendor and Purchaser* § 543, at 538–39 (1955); 77 Am. Jur. 2d *Vendor and Purchaser* § 492, at 618 (1975); 8A G. Thompson, *Real Property* § 4473, at 421 (1963 repl.). Numerous cases have upheld a purchaser's

---

[1]Instruction 13 read:

"Plaintiff's right and claim of damages arises from the alleged negligent misrepresentation. That right may be waived. A waiver is unilateral and arises by the intentional and voluntary relinquishment of a known right, or a neglect to insist upon enforcement of a known right, or such conduct as warrants an inference of the relinquishment of or neglect to enforce such rights. It may result from an express agreement or be inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice by a party to dispense with something of value or forgo some advantages. A person against whom a waiver is claimed must have intended to relinquish or neglected to enforce the right and the person's action must be inconsistent with any intention other than to waive the right."

right to enforce the contract and sue for damages. *Weinstein v. Sprecher, supra,* involved a misrepresentation as to the quantity of land. The purchasers in that case were awarded "benefit of the bargain" damages. In *Murphree v. Rawlings,* 3 Wn. App. 880, 883, 479 P.2d 139 (1970), a misrepresentation as to the boundaries of the property was involved. The purchasers in that case were again awarded "benefit of the bargain" damages. In *Jones v. National Bank of Commerce,* 66 Wn.2d 341, 346, 402 P.2d 673 (1965), a misrepresentation that the ranch had a sprinkler system was involved. The purchasers in that case were awarded the cost of installing a sprinkler system. In *Tennant v. Lawton,* 26 Wn. App. 701, 615 P.2d 1305 (1980), a misrepresentation as to quality of the land and its ability to sustain an on–site septic system was involved. The purchasers in that case were also awarded "benefit of the bargain" damages.

The trial court apparently believed that by enforcing the contract and moving into the home, the Johnsons could be found to have waived their right to damages.[2] It may have misunderstood the rule, which applies only to waiving the remedy of rescission, not to the other remedy of damages. In *Weitzman v. Bergstrom,* 75 Wn.2d 693, 697, 453 P.2d 860 (1969), the court stated:

> The rule in this jurisdiction is that one who seeks to rescind for fraud must act promptly after its discovery, but this is not the rule where the defrauded party elects to affirm the contract and sue for damages . . .

---

[2]During the motion for new trial the court stated:

"Waiver can apply to any action where you unilaterally give up a right by exercising another one. In other words, saying, 'All right. I know this house doesn't have a sewer. I'm going to move into it anyway. Then I'm going to sue you.'

". . . .

". . . Well, you can't do that."

And,

"I don't think that's the law. I don't think you can discover misrepresentation and proceed to move into the house and then sue . . .".

Affirmance of a contract is not a waiver of the fraud and does not bar the right to recover damages, but merely bars a subsequent rescission.

Here, by moving into the home, the Johnsons did waive their right to rescind the contract, but that same act did not constitute a waiver of their right to enforce the contract and sue for damages. The trial court here based its reasoning on *Bowman v. Webster,* 44 Wn.2d 667, 269 P.2d 960 (1954). In *Bowman,* the purchasers, after executing a real estate contract, discovered that the true boundary lines of the property purchased varied from those indicated by the sellers. After discovery of that fact, in addition to moving onto the premises, the purchasers refinanced the contract by a purchase money mortgage, paid the balance due on the purchase price to the sellers, and accepted their deed. The court held the purchasers by refinancing the contract and accepting the deed had waived their right to sue for damages.

Further, the court in *Bowman,* at 669, stated that in order to find an intention to waive the right to damages, the purchaser's "actions must be inconsistent with any other intention than to waive them." The mere act of moving into the home was not inconsistent with the Johnsons' intention of enforcing the contract and suing for damages; in fact, it was consistent with such an intent. *See also Central Wash. Bank v. Mendelson–Zeller, Inc.,* 113 Wn.2d 346, 354, 779 P.2d 697 (1989) in which the court stated, "To constitute implied waiver, there must exist unequivocal acts or conduct evidencing an intent to waive; waiver will not be inferred from doubtful or ambiguous factors."

Waiver of the right to sue for damages has generally been found in cases when "an act or omission on the part of the one charged with the waiver fairly evidencing an intention permanently to surrender the right in question" existed. *Voelker v. Joseph,* 62 Wn.2d 429, 435, 383 P.2d 301 (1963) (quoting *Dunbar v. Farnum,* 109 Vt. 313, 196 A. 237, 114 A.L.R. 996 (1937)). Waiver of the right to damages has

been found "when a party claiming to have been defrauded, enters after discovery of the fraud into new arrangements or engagements concerning the subject matter of the contract claimed to have been procured by fraud . . ." *Owen v. Matz,* 68 Wn.2d 374, 376–77, 413 P.2d 368 (1966). In *Owen,* the court found the purchasers had waived their right to damages when, after learning of the misrepresentation, the contract was amended at the purchasers' request, and they thereafter continued to make payments on the amended contract. Unlike the purchasers in *Bowman, Voelker,* or *Owen,* the Johnsons did not refinance the mortgage, enter into any new arrangements, or amend the contract.

This case also differs from one in which the purchasers learn of the fraud or misrepresentation before the consummation of the sale, but proceed with the purchase. For example, waiver of the right to damages was found in *Kessinger v. Anderson,* 31 Wn.2d 157, 196 P.2d 289 (1948), when, after learning of a cloud on the title, the purchasers nevertheless proceeded with the purchase, incurred expenses to clear the title, then sued for recovery of the expenses. Here, the closing occurred prior to the discovery of the misrepresentation. The fact the Johnsons continued to move into the home does not constitute entering into a new arrangement.[3]

Nor were the Johnsons under any obligation to accept one of the settlement alternatives made to them by Mr. Brado and Ms. Hinkle. That offer essentially provided either for rescission or damages not to exceed the amount necessary for ascertaining that the septic tank was clean and in good repair. The Johnsons were entitled, however, to the "benefit of the bargain". The measure of those damages is the difference between the market value of the property had it been as represented and the market value of the

---

[3]The record does not disclose whether the Johnsons had any other options available to them for living arrangements at the point in time when the misrepresentation was finally discovered. Their previous residence may have already been rented or sold.

property as it actually was at the time of the sale. *Tennant,* at 703–04; *Murphree,* at 883; *Weinstein,* at 330.

There being insufficient evidence of a waiver of the right to damages, as opposed to a waiver of a right to rescission, the submission of instruction 13 to the jury was error. Because of the instructional error, and because the special verdict form makes it unclear whether the jury found respondents negligent in their representation of the sewer connection issue or in their representation of the condition of the master bathroom, we reverse and remand for retrial all issues in order to establish under which theory respondents were negligent, the amount of contributory negligence on the part of the Johnsons, if any, and the resulting damages.

THOMPSON, C.J., and MUNSON, J., concur.

After modification, further reconsideration denied January 23, 1990.

Review denied at 114 Wn.2d 1022 (1990).