FILED
COURT OF APPEALS
DIVISION II

2014 DEC -2 AM 9: 01

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EDWIN D. COE and DONNA B. COE, husband and wife, | No. 44719-3-II |
| Respondents, | |
| v. | |
| REID NOEL as Guardian ad Litem for ROBERT M. NOEL and NANCY E. NOEL, husband and wife, and their marital community, and ERIC NOEL as Successor Trustee for ROBERT M. NOEL and NANCY E. NOEL, as Trustees of the Robert M. & Nancy E. Noel Family Trust, | UNPUBLISHED OPINION |
| Appellants. | |

JOHANSON, C.J. — Eric and Reid Noel (Noel)[1] appeal the superior court's grant of partial summary judgment and its subsequent order for rescission of the real estate purchase and sale agreement (RESPA) executed by their parents' estate and Edwin and Donna Coe (Coe). Noel argues that (1) the trial court erred in refusing to strike Coe's affidavit, (2) the trial court failed to

---

[1] We use the pronoun "she" when referring to the parties because Nancy Noel speaks for the sellers and Donna Coe for the buyers throughout the record.

consider the evidence in a light most favorable to Noel, (3) the trial court erroneously found that Noel owed Coe a fiduciary duty, (4) Noel had no duty to disclose that she appealed a tax assessment of her property, (5) Coe breached her duty of due diligence to conduct inspections, (6) Noel is exempt from liability under former RCW 64.06.050 (1996), (7) the trial court erred in ordering rescission as the remedy, and (8) alternatively, if the court allows rescission, Coe's claims for damages must be dismissed.

Regarding the arguments that we reach on the merits, we hold that (1) the trial court did not err by refusing to strike Coe's affidavit, (2) Noel had a statutory duty to disclose damage from flooding and erosion, (3) genuine issues of material fact exist regarding whether erosion damage to the property could have been known to Coe had she utilized diligent attention and observation, and (4) Noel is not exempt from liability. We further hold that the trial court abused its discretion in granting equitable rescission because Coe ratified the contract and waived the right to rescind. We reverse and remand.

## FACTS

### I. THE SALE

In 1992, Robert and Nancy Noel purchased a parcel of real property located on the Columbia River in Wahkiakum County. In 2006, the Wahkiakum County Assessor's office increased the tax assessed value of the Noels' property. Noel disagreed and appealed to the Wahkiakum County Board of Equalization (BOE). In support of her position, Noel relied on the loss of portions of her beachfront due to flooding events and erosion. Specifically, Noel complained that a significant flooding event in 1996 caused the loss of 100 feet of her riverfront access. The BOE agreed and reduced the proposed increase due to extreme erosion of the land.

The following spring, the Noels, who were elderly and in poor health, listed their home for sale. Coe visited the property and offered to purchase the home.[2] Noel accepted the $410,000 cash offer. In May 2007, the parties executed a RESPA[3] and the sale closed the following month. In conjunction with the home's listing and pursuant to former RCW 64.06.020 (2007), Noel completed a seller's disclosure statement (Form 17). The form, which was delivered to Coe at the time the parties executed the RESPA, contains numerous questions relating to various aspects of the property and structures thereon. Noel's answer to one of those questions became the crux of this dispute. Noel responded in the negative to the following question:

> Is there any material damage to the property from fire, wind, floods, beach movements, earthquakes, expansive soils, or landslides?

1 Clerk's Papers (CP) at 34. In closing the transaction, Coe had the home inspected, but did not conduct a review of the property's history, have it appraised, or have the land itself inspected. In August 2007, Coe received a letter from the assessor's office inquiring as to whether she knew about Noel's BOE appeal for 2007 tax purposes.

## II. THE LITIGATION

Because of the alleged reduction in property value, Coe filed a complaint alleging breach of contract, misrepresentation, and fraudulent concealment, seeking damages and rescission of the RESPA.[4] But the litigation soon languished. In 2010, the superior court clerk notified the parties

---

[2] Noel and Coe were represented by real estate agents who are not parties to this dispute.

[3] The RESPA was contingent on the buyer's satisfaction with the condition of the property after conducting inspections.

[4] Coe appears to have abandoned her claims for fraudulent concealment and misrepresentation after the trial court granted partial summary judgment.

that it would dismiss the case for want of prosecution. Coe did not respond. In early 2011, Coe extensively remodeled and updated the home. In February 2012, Coe filed a motion for dismissal and voluntary nonsuit. But Coe withdrew the motion when she learned that Noel requested costs and attorney fees.

Subsequently, Coe moved for partial summary judgment regarding Noel's duty to disclose the existence of the erosion and her breach of that duty by failing to do so. Noel moved to strike Coe's supporting affidavit. The trial court denied the motion to strike and granted Coe's motion for partial summary judgment. The court determined that Coe was entitled to entry of judgment and subsequently granted Coe's motion for equitable rescission of the RESPA in addition to costs and attorney fees. Noel simultaneously moved for reconsideration and again for summary judgment in her favor. The trial court denied both motions. Noel appeals the court's orders granting partial summary judgment, the order granting equitable rescission, and the order denying reconsideration.

## ANALYSIS

We review summary judgment orders de novo, performing the same inquiry as the superior court. *Hisle v. Todd Pac. Shipyards Corp.*, 151 Wn.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. CR 56(c); *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005).

When reviewing a summary judgment, we consider all facts and reasonable inferences from them in the light most favorable to the nonmoving party. *Vallandigham*, 154 Wn.2d at 26;

No. 44719-3-II

*Magula v. Benton Franklin Title Co.*, 131 Wn.2d 171, 182, 930 P.2d 307 (1997). But we will not consider inadmissible evidence when reviewing a summary judgment. CR 56(e); *see also Dunlap v. Wayne*, 105 Wn.2d 529, 535, 716 P.2d 842 (1986).

We review a trial court's reconsideration decision for an abuse of discretion. *Rivers v. Wash. State Conf. of Mason Contrs.*, 145 Wn.2d 674, 685, 41 P.3d 1175 (2002). A trial court abuses its discretion when it bases its decision on untenable grounds or reasons. *Salas v. Hi-Tech Erectors*, 168 Wn.2d 664, 669, 230 P.3d 583 (2010) (citing *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997). Similarly, we review a trial court's decision to rescind a contract for an abuse of discretion. *Hornback v. Wentworth*, 132 Wn. App. 504, 513, 132 P.3d 778 (2006).

## I. REFUSAL TO STRIKE COE'S AFFIDAVIT

Initially, Noel contends that the trial court erred in refusing to strike Coe's affidavit in support of her motion for partial summary judgment because there was no showing that she was competent to testify, her statements were not based on personal knowledge, and because it contained speculative assertions and legal conclusions. We disagree.

Ordinarily, we review a trial court's evidentiary rulings for abuse of discretion, but we review such rulings made in conjunction with a summary judgment motion de novo. *Davis v. Baugh Indus. Contractors, Inc.*, 159 Wn.2d 413, 416, 150 P.3d 545 (2007) (citing *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998)).

CR 56(e) governs the form of affidavits for purposes of summary judgment. The rule states that an affidavit in support of summary judgment shall (1) be made on personal knowledge, (2) set forth such facts as would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify. CR 56(e); *Hill v. Sacred Heart Med. Ctr.*, 143 Wn. App. 438, 449, 177 P.3d

5

1152 (2008). But "'evidence may be presented in affidavits by reference to other sworn statements in the record such as depositions and other affidavits.'" *Hill*, 143 Wn. App. at 449 (quoting *Mostrom v. Pettibon*, 25 Wn. App. 158, 162, 607 P.2d 864 (1980)).

In her affidavit supporting partial summary judgment, Coe made a number of statements that Noel alleges were not based on personal knowledge because they amounted to legal conclusion, inadmissible hearsay, or speculation. For example, Coe states that Noel's appeal to the BOE "should have been made known to us" and that the "material fact that there had been a sudden erosion event . . . was not disclosed." 1 CP at 119, 121. But notwithstanding Noel's contention that the presence of these legal conclusions renders the affidavit inadmissible, our Supreme Court has said that while conclusions of law contained in an affidavit are improper, the trial court must be presumed to have ignored these conclusions. *Orion Corp. v. State*, 103 Wn.2d 441, 462, 693 P.2d 1369 (1985). The *Orion* court further stated that an affidavit is to be disregarded only to the extent it contains such conclusions and that the remainder can properly be considered. 103 Wn.2d at 462.

Noel's argument that statements in the affidavit constitute inadmissible hearsay is equally unavailing because the challenged statements were not necessary to the outcome. For instance, Coe's statement that Noel deliberately withheld information, though perhaps hearsay, did not create a material fact that did not otherwise exist because the court also considered Noel's own affidavit in ruling on the motion. In her affidavit, Noel stated explicitly that she did not disclose information about the erosion because she was not required to according to her understanding of the question. Our Supreme Court in *Guntheroth v. Rodaway* found that portions of Rodaway's affidavit were not based on personal knowledge and therefore did not satisfy the requirements of

CR 56(e). 107 Wn.2d 170, 178, 727 P.2d 982 (1986). Notwithstanding Guntheroth's argument that the trial court should have stricken these portions, the court concluded it was unnecessary to do so because the statements had no material effect on the determination of the issues where other evidence provided similar information. *Guntheroth*, 107 Wn.2d at 179.

Here, Noel's contention that Coe failed to demonstrate her competence to testify lacks merit. Noel appears to argue that CR 56(e) requires a showing of competence in the form of a statement. She cites no authority for this proposition aside from the rule itself which contains no language indicating that the required showing must be an express statement.[5] Noel has advanced no support for her contention that Coe was not competent to testify regarding an arms-length real estate transaction to which she was a party. Accordingly, the trial court did not err in refusing to strike Coe's supporting affidavit.[6]

## II. DUTY TO DISCLOSE

Noel next argues that there is no legal basis to conclude that Noel owed Coe a fiduciary duty when the parties were involved in an arms-length transaction. Noel asserts further that she had no duty to disclose the BOE 2006 tax appeal or that the appeal was based on damage from erosion. To the extent that Noel contends that there was no duty to disclose damage from flooding or erosion, we disagree. Former RCW 64.06.020 imposes such a duty.

---

[5] The third requirement is met if the contents of the affidavit show the affiant competent. *See Bernal v. Am. Honda Motor Co.*, 87 Wn.2d 406, 412, 553 P.2d 107 (1976).

[6] Noel also contends that the trial court erred in granting partial summary judgment in favor of Coe by failing to construe the evidence in a light most favorable to Noel as the nonmoving party. But whether the trial court considered the evidence appropriately is immaterial because our review is de novo and we perform the same inquiry as the superior court. *Hisle*, 151 Wn.2d at 860.

Our Supreme Court has held that a duty to disclose exists where a special relationship of confidence and trust had developed between the parties, where a party relies on the "specialized and superior knowledge of the other party, *where a party has a statutory duty to disclose, or* where a seller knows a material fact that is not easily discoverable by the buyer." *Van Dinter v. Orr*, 157 Wn.2d 329, 334, 138 P.3d 608 (2006) (emphasis added). Here, in the absence of a buyer's waiver, former RCW 64.06.020 mandates certain disclosures of improved real property. Former RCW 64.06.020(1) provides,

> In a transaction for the sale of improved residential real property, the seller shall, unless the buyer has expressly waived the right to receive the disclosure statement under RCW 64.06.010, or unless the transfer is otherwise exempt under RCW 64.06.010, deliver to the buyer a completed seller disclosure statement in the following format and that contains, at a minimum, the following information.

Included among the many disclosures mandated by the statute is a requirement that a seller disclose whether the property had been subject to material damage by fire, wind, *floods*, beach movements, earthquakes, expansive soils, or landslides. Here, there had been damage associated with erosion and flooding. Accordingly, Noel had a duty to disclose damage to and loss of beachfront on the property.

The parties extensively argue as to whether the operative facts were peculiarly within the seller's knowledge, whether partial or ambiguous statements of fact were made, or whether Noel had a duty specifically to disclose the fact that her BOE appeal was based on the erosion damage. But the parties misinterpret the law. These are merely other circumstances which give rise to the same duty that is created in this case by former RCW 64.06.020. As explained, a duty to disclose in a business transaction exists when any *one* of these aforementioned circumstances apply. *Van*

8

*Dinter*, 157 Wn.2d at 334. Here, we conclude Noel had a statutory duty to disclose the flood erosion.

Further, Noel contends that no duty to disclose the beachfront erosion can exist because Coe never inquired. But again, Noel misapprehends the applicable law. The duty of a buyer to inquire further applies to a claim for fraudulent concealment. *Sloan v. Thompson*, 128 Wn. App. 776, 789, 115 P.3d 1009 (2005), *review denied*, 157 Wn.2d 1003 (2006). Only when a buyer becomes aware of a potential defect and, thus, the defect is apparent, does a duty to inquire further arise. *Sloan*, 128 Wn. App at 789. Here, there is nothing in the record that demonstrates Coe had any such knowledge. Moreover, the trial court did not find that Coe had satisfied the elements to establish a claim for fraudulent concealment. Thus, because Noel had a statutory duty to disclose defects and she failed to disclose the defects, we conclude that she breached that duty.

## III. COE'S DUTY TO INVESTIGATE

Noel asserts that Coe's reservation of contractual rights to verify lot size, encroachments, soil stability inspections, and other inspections by specialists created a duty of due diligence on behalf of Coe to obtain the reserved inspections upon notice that the property was in a flood plain, contained fill material, and the existence of permits attached to the property for dredging and erosion control. Noel further contends that the visible action of waves, tides, and currents render any erosion visible such that Noel was not required to disclose the damage absent a buyer's inquiry. We hold that a genuine issue of material fact exists regarding whether Coe could have known of the erosion damage by utilizing diligent attention and observation.

Just as the disclosure statement creates a seller's mandatory duty to disclose, it similarly creates a buyer's duty to "pay diligent attention to any material defects that are known to Buyer or

9

can be known to Buyer by utilizing diligent attention and observation." Former RCW 64.06.020(1). Our Supreme Court recognized this fact in *Alejandre v. Bull* where the court stated that by reviewing and signing the disclosure form, the buyer thus acknowledged its duty to utilize diligent attention and observation as expressly explained in the disclosure statement. 159 Wn.2d 674, 679, 153 P.3d 864 (2007). Here, as in *Alejandre*, Coe signed the seller's disclosure directly below the "BUYER'S ACKNOWLEDGEMENT" portion of the form. 1 CP at 35.

Noel argues that Coe's duty of due diligence was augmented by the fact that she reserved the right to conduct additional inspections of the property at her option. In support of this proposition, Noel relies exclusively on a concurring opinion in *Alejandre*. There, Justice Chambers concluded that when fairly read, an inspection addendum to the RESPA created an additional duty of due diligence on the buyer to take steps to protect themselves and to anticipate that the seller might not have complete knowledge as to the representations made. *Alejandre*, 159 Wn.2d at 698 (Chambers, J., concurring in result).

Our Supreme Court recently examined the concomitant duties of buyers and sellers in real estate transactions. In *Jackowski v. Borchelt*, 174 Wn.2d 720, 278 P.3d 1100 (2012), the parties to a real estate transaction executed a RESPA that included an inspection addendum providing the buyers the right to inspect the property within 15 days. The buyers inspected the house, but opted not to inspect the property for soil stability. *Jackowski*, 174 Wn.2d at 725. On the disclosure form, the seller indicated that the property was located within a landslide hazard area, but claimed that the property did not contain fill material despite knowledge to the contrary. *Jackowski*, 174 Wn.2d at 725, 740. Jackowski brought suit when the home was damaged by landslides, arguing that the fill material should have been disclosed. *Jackowski*, 174 Wn.2d at 726. Borchelt contended that

despite her negative response to the question of fill, her disclosure regarding the landslide area and shoreline instability was adequate. *Jackowski*, 174 Wn.2d at 739. Experts testified that the presence of fill would have been obvious to any qualified geologist had it been inspected. *Jackowski*, 174 Wn.2d at 739. Our Supreme Court held that genuine issues of material fact existed as to whether the fill could have been discovered. *Jackowski*, 174 Wn.2d at 740.

Although the court's analysis in *Jackowski* involved one specific element of the buyer's fraudulent concealment claim, we find its reasoning persuasive.[7] Here, the trial court found that the "material facts of the extreme erosion . . . w[as] not readily available to the buyers." 4 CP at 693. But like *Jackowski*, the buyers conducted only a home inspection, opting not to conduct an inspection of the land. Moreover, Coe did not review the property's history nor did she have the property surveyed or appraised despite her admission that it would have been reasonable to do so. The property's title report, which Coe claimed to have examined, revealed the existence of an easement for dredge disposal and right of entry permit. Had Coe inquired further, she would have discovered that the easement exists for the purpose of "preserv[ing] the property from loss due to erosion from Columbia River water." 1 CP at 153. Noel also disclosed that the property was located in a flood plain.

Additionally, Noel's 2006 appeal to the BOE was at all times a matter of public record and Coe admits awareness of this fact. Toni Robinson, a realtor and longtime Puget Island resident, declared that evidence of erosion would have been visible even to a "casual observer." 4 CP at

---

[7] In the cited portion of *Jackowski*, the court analyzed whether a reasonable inspection would have revealed the fill material issue. Here, the buyer's statutory duty seems to require a similar inquiry to determine whether the defects could have been made known to a buyer by "utilizing diligent attention and observation." Former RCW 64.06.020(1).

720. This is enough evidence to create a genuine issue of material fact as to whether the defect's presence was available and whether Coe breached her own duty to utilize diligent attention and observation. Accordingly, we hold that summary judgment was improper for this reason. In light of this conclusion, we hold further that the trial court's denial of Noel's motion for reconsideration was based on untenable grounds and was therefore an abuse of its discretion.[8]

## IV. WAIVER AND RATIFICATION

Noel asserts that the trial court erred in granting equitable rescission in favor of Coe because Coe's procrastination and vacillation in pursuing this remedy, combined with the decision to remodel the home, constitutes a ratification of the RESPA and a waiver of the right to rescission. We hold that the trial court abused its discretion in ordering rescission because Coe waived the right to that remedy.

Our standard of review is whether the trial court abused its discretion in rescinding the contract. *Hornback*, 132 Wn. App. at 513. When a misrepresentation is made to a purchaser concerning land, the purchaser may either rescind the contract or enforce the contract and sue for damages. *Johnson v. Brado*, 56 Wn. App. 163, 166, 783 P.2d 92 (1989), *review denied*, 114 Wn.2d 1022 (1990). Contract rescission is an equitable remedy in which the court attempts to restore the parties to the positions they would have occupied had they not entered into the contract. *Hornback*,

---

[8] Noel also argues that former RCW 64.06.050(1) exempts her from liability for her failure to disclose defects on the property. Former RCW 64.06.050(1) operates to shield sellers from liability for failing to disclose defects when they lack "actual knowledge" of any error or omission in the disclosure statement. But less than one year before the parties entered into the RESPA, Noel appealed to the BOE requesting an adjustment to the property's value based on erosion damage caused by flooding. Noel specifically cited the loss of 100 feet of beachfront property as support for her position and admitted that she had to move outbuildings to prevent potential loss from future flooding. Therefore, we reject Noel's claim that she is exempt from liability.

132 Wn. App. at 513. A court sitting in equity has broad discretion to shape relief. *Hough v. Stockbridge*, 150 Wn.2d 234, 236, 76 P.3d 216 (2003). But the rule in this jurisdiction is that one who seeks to rescind must act promptly after discovery.[9] *Johnson*, 56 Wn. App. at 166.

Furthermore, "[a] party ratifies an otherwise voidable contract if, after discovering facts that warrant rescission, [the party] remains silent or continues to accept the contract's benefits." *Snohomish County v. Hawkins*, 121 Wn. App. 505, 510-11, 89 P.3d 713 (2004), *review denied*, 153 Wn.2d 1009 (2005). The party must act voluntarily and with full knowledge of the facts. *Ebel v. Fairwood Park II Homeowners' Ass'n*, 136 Wn. App. 787, 794, 150 P.3d 1163 (2007).

Here, Noel asserts that Coe waived her right to rescind by failing to move for rescission within the 15-day period specified in the RESPA. Noel does not indicate where in the record the parties agree to such a period. But our courts have held that common law rescission is not foreclosed because the statutory rescission period elapses, and still others have granted rescission based on a complaint filed months after closing. *Jackowski*, 174 Wn.2d at 737; *Bloor v. Fritz*, 143 Wn. App. 718, 740, 180 P.3d 805 (2008). Coe's right to rescission is not waived on these grounds.

Noel further asserts that Coe waived her right to pursue equitable rescission because of her failure to actively pursue the remedy and because she ratified the contract by undertaking the home's remodel. Coe filed her complaint seeking rescission approximately seven months after purchasing the home. It is now more than seven years since the parties closed their transaction. Over two years after filing suit, the trial court attempted to dismiss the action on its own initiative

---

[9] The United States Supreme Court has endorsed a similar rule for over 100 years. *See Shappirio v. Goldberg*, 192 U.S. 232, 242, 24 S. Ct. 259, 48 L. Ed. 419 (1904) (stating that if one chooses rescission, he must "announce his purpose and adhere to it," and not by acts of ownership continue to assert right and title over the property as though it belonged to him).

13

based on inaction of the parties. Coe filed nothing in response. Then, with the litigation revived, Coe opted to conduct a remodel that changed the home's layout substantially. Over four years after the suit commenced, Coe moved to dismiss the suit, only withdrawing the motion upon learning that she was responsible for attorney fees. In her own deposition, Coe expressed uncertainty as to whether she still desired rescission.

This vacillation and uncertainty is inconsistent with the doctrine of equitable rescission. Coe has not acted with sufficient promptness. *Johnson*, 56 Wn. App. at 167. The court in *Johnson* held that the buyers of a home waived the right to pursue rescission when, with knowledge of the defect, they nevertheless moved into the home. 56 Wn. App. at 166. Similarly, here, Coe had full knowledge of the alleged defects when she opted to remodel the home. Moreover, Coe has voluntarily continued to accept the contract's benefits after discovering facts which rendered it voidable. *Hawkins*, 121 Wn. App. at 510-11. She has now owned the home for seven years and remodeled it to her liking. The result is a ratification and affirmation of the contract and a waiver of the right to seek rescission.

Courts grant rescission in an attempt to restore the parties to the positions they would have occupied had they not entered into the contract. *Hornback*, 132 Wn. App. at 513. This is no longer practicable. Of the original four parties, only one remains legally competent. The home is not physically the same and cannot realistically be returned to its former state. The court's decision

14

was based on manifestly unreasonable grounds. We hold that the trial court abused its discretion in granting rescission and should remand to allow the parties to seek applicable damages, if any.

## V. ELECTION OF REMEDIES

Last, Noel argues that because Coe sought to pursue equitable rescission, the doctrine of "election of remedies" operates to bar Coe's claims for damages and requires dismissal. We hold that election of remedies does not bar Coe's claim for damages.

Three elements must be present before a party will be held bound by an election of remedies. Two or more remedies must exist at the time of the election, the remedies must be repugnant and inconsistent with each other, and the party to be bound must have chosen one of them. *Birchler v. Castello Land Co.*, 133 Wn.2d 106, 112, 942 P.2d 968 (1997). In her complaint, Coe sought both damages and rescission. After the superior court granted partial summary judgment in her favor, Coe elected to pursue rescission. But as explained, equitable rescission of the RESPA was no longer available as a remedy at the time Coe elected to pursue it. The superior court granted rescission after Coe, through her dilatory conduct and decision to remodel the home, ratified the RESPA and waived the right to seek that remedy. Consequently, two or more remedies did not exist *at the time of the election*. Our courts have, however, specifically held that affirmance of a contract does not bar the right to recover damages; it merely bars a subsequent rescission. *Johnson*, 56 Wn. App. at 167.

Accordingly, we hold that the doctrine of election of remedies does not require dismissal of Coe's case because Coe is not barred from seeking damages by way of her original claims. We reverse and remand.

## VI. ATTORNEY FEES

Noel and Coe each request attorney fees on appeal pursuant to RAP 18.1. The RESPA contains a provision for an award of attorney fees to the party who prevails in a dispute concerning the transaction. *See* RCW 4.84.330. But the prevailing party remains unknown. For this reason, neither party is entitled to attorney fees.

## CONCLUSION

We hold that (1) the trial court did not err by refusing to strike Coe's affidavit, (2) Noel had a statutory duty to disclose damage from flooding and erosion, (3) genuine issues of material fact exist regarding whether erosion damage to the property could have been known to Coe had she utilized diligent attention and observation, and (4) Noel is not exempt from liability for failing to disclose the flood damage. Because a genuine issue of material fact exists as to whether the defects caused by erosion could have been discovered upon diligent attention and observation, summary judgment was improper and, accordingly, the trial court abused its discretion in denying the motion for reconsideration. Similarly, we hold that because Coe ratified the contract and

waived her right to pursue rescission, the trial court abused its discretion in granting that remedy. We reverse and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

MELNICK, J.