# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SONJA O. BEAL & ROBERT E. BEAL, wife and husband, and their heirs, successors, and assigns, | ) ) ) ) | No. 72919-5-I |
| Respondents/Cross-Appellants, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| JAMES C. LOPEZ and TESSA B. FRANCIS, husband and wife, and their heirs, successors, and assigns; RICHARD D. CAMPBELL and REBECCA LEE MARCY, husband and Wife; and ALL OTHER PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE ESTATE, LIEN OR INTEREST IN THE REAL ESTATE DESCRIBED IN THE COMPLAINT, | ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellants/Cross-Respondents. | ) ) | FILED: October 12, 2015 |

SPEARMAN, C.J. — In a dispute between the grantor and grantee of residential property, the trial court granted summary judgment for the grantee, finding as a matter of law that the grantor had breached the covenant of seisin, the covenant of quiet possession, and the covenant to defend. At trial, the court awarded the grantee damages for lost property and attorney fees incurred defending title. The grantor appeals the trial court's decision granting summary judgment to the grantee on the breach of warranty issue. Both parties appeal the awards of damages and attorney fees. Finding no error, we affirm.

FACTS

Richard D. Campbell and his wife, Rebecca Lee Marcy (collectively "Campbell"), bought a 1.42 acre residential property on Vashon Island at a trustee sale in May 2011. In November 2011, Campbell sold the property to Sonja and Robert Beal ("Beal") by statutory warranty deed. In March 2013, Beal had the property surveyed and staked the boundaries in preparation for building a fence.

Beal's neighbors to the south, James C. Lopez and Tessa B. Francis ("Lopez"), objected and told Beal to stay off the land. Lopez asserted that an existing fence, located about 50 feet north of Beal's survey markers, had been erected in 1998 and had been treated as the property boundary since that time. Lopez retained an attorney who informed Beal that Lopez intended to take title to the property by adverse possession. Lopez's counsel sent Beal a statement from Lopez's predecessor in interest confirming that he had erected the fence in 1998 and had continuously used and maintained the disputed land until selling it to Lopez in 2007.

Beal retained an attorney who tendered defense to Campbell on March 27, 2013, pursuant to the covenant to defend included in a statutory warranty deed under RCW 64.04.030. Beal's attorney informed Campbell that a potential defense to adverse possession would soon be barred by the statute of limitations, and urged Campbell to retain counsel in a timely manner. Campbell stated that he accepted the tender of defense. He communicated with Beal and Beal's attorney, sought information about Lopez's claim and possible defenses,

and proposed possible courses of action. Campbell also stated that he did not agree to pay damages to Beal for lost property and that he did not agree to pay for Beal's attorney. Campbell did not retain an attorney and intended to act pro se defending Beal's title. Campbell urged Beal to settle and stated that he would only defend title if Lopez instituted legal proceedings, but not if Beal filed to quiet title.

In September 2013, Beal filed a complaint against Lopez to quiet title and against Campbell for breach of warranty. Lopez counterclaimed for adverse possession. Campbell, acting pro se, filed a motion for summary judgment asking the court to absolve him of any obligation to defend title or pay legal costs. The trial court denied this motion. Lopez filed a motion for summary judgment on the adverse possession claim, which the court also denied.[1]

Beal and Campbell entered into a settlement agreement with Lopez and an agreed judgment quieting title in Lopez was entered on March 25, 2014. Campbell and Beal filed cross motions for summary judgment on the breach of warranty claim. The court granted partial summary judgment to Beal, finding as a matter of law that Campbell had breached the covenant of seisin, the covenant of quiet possession, and the covenant to defend.

The remaining issue at trial was damages. Beal offered the testimony of an appraiser who valued the lost property at $2.02 per square foot for a total of

---

[1] Campbell and Beal both filed briefs in opposition to Lopez's motion for summary judgment. Campbell, acting pro se, asserted that Lopez had not met his burden of proof. Beal argued that summary judgment was premature and requested more time for discovery.

$18,446.52. Campbell testified that based on his experience as a real estate broker and investor, the value of the land was about $3,000 total or $0.33 per square foot. The court found the appraiser to be more credible and more persuasive than Campbell, and awarded $18,446.52 in damages for the lost property. The court also found that all of Beal's attorney fees from the time Beal tendered defense to Campbell on March 27, 2013, until the agreed judgment was entered on March 25, 2014, were incurred defending title and constituted damages for Campbell's breach of the warranty to defend. The court awarded Beal $21,310 in attorneys' fees.

Campbell appeals the grant of summary judgment to Beal on the breach of warranty issue. Campbell and Beal both appeal the awards of damages and attorney fees.

DISCUSSION

Breach of Warranty[2]

This court reviews a summary judgment order de novo. Camicia v. Howard S. Wright Constr. Co., 179 Wn.2d 684, 693, 317 P.3d 987 (2014). Summary judgment is appropriate if the evidence in the record demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Becker v. Washington State Univ., 165 Wn. App. 235, 245-46, 266 P.3d 893, 899 (2011). The nonmoving party may not rely on speculation, but must "set forth specific facts that sufficiently rebut the

---

[2] RCW 64.04.030 provides that every conveyance by statutory warranty deed includes the covenants of seisin, quiet possession and the duty to defend title.

4

moving party's contentions and disclose that a genuine issue as to a material fact exists." Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wn.2d 1, 13, 721 P.2d 1 (1986) (citing Dwinell's Cent. Neon v. Cosmopolitan Chinook Hotel, 21 Wn. App. 929, 587 P.2d 191 (1978)). We consider all facts in the light most favorable to the nonmoving party and review all questions of law de novo. Erickson v. Chase, 156 Wn. App. 151, 156, 231 P.3d 1261 (2010).

The covenant of seisin guarantees that the grantor has the possession, the right of possession, and the complete legal title to the property. Double L. Properties, Inc. v. Crandall, 51 Wn. App. 149, 153, 751 P.2d 1208 (1988). A grantor "breaches the covenant of seisin if, at the time of sale, an adverse claimant is actually in possession of all or a portion of the land conveyed, whether his claim is rightful or wrongful." Id. at 156.

Campbell asserts that the trial court erred in finding that he had breached the covenant of seisin because Beal failed to provide sufficient evidence that Lopez was in possession of the disputed portion at the time he bought the property. Beal submitted declarations from Lopez and Welch stating that they treated the existing fence as the property line and that Lopez was in possession of the disputed portion of land at the time Campbell conveyed the property. Campbell did not submit evidence to rebut Beal's affidavits. All of the evidence before the trial court supported Beal's motion. The trial court did not err in granting summary judgment to Beal on the issue of breach of seisin.

Campbell next argues that the trial court erred in its analysis of the covenant of quiet possession. The covenant of quiet possession guarantees that

5

the grantee "shall not, by force of paramount title, be evicted from the land or deprived of its possession." Foley v. Smith, 14 Wn. App. 285, 290-91, 539 P.2d 874 (1975) (citing 20 Am.Jur.2d Covenants, Conditions, & Restrictions § 50 (1965)). Paramount title may be established by evidence of adverse possession for the statutory period of time. Hoyt v. Rothe, 95 Wash. 369, 373, 163 P. 925 (1917). Eviction may be actual or constructive. Id. A constructive eviction occurs when a third party is in possession of the property at the time of conveyance and refuses to quit upon demand. Id.

Campbell argues that summary judgment was improper because Beal was not evicted from the land, Lopez did not have paramount title, and Campbell did not have the opportunity to defend. His arguments are without merit. The undisputed evidence before the court established that Lopez was in possession of the disputed land, refused to quit, and had adversely possessed the land for the statutory period of time.

Campbell relies on Hoyt to assert that Lopez's demand that Beal stay off the disputed land did not work a constructive eviction. His reliance is misplaced. The Hoyt court held that possession by an adverse possessor operates as a constructive eviction. Hoyt, 95 Wash. at 373-374. Campbell's argument that Lopez did not have paramount title is similarly unfounded. It is well settled that adverse possession for the statutory period of time establishes paramount title.

Id. at 373.[3] Campbell also relies on Mellor v. Chamberlin, 100 Wn.2d 643, 673 P.2d 610 (1983) to argue that summary judgment for breach of the covenant of quiet possession was improper because he did not have a fair opportunity to defend. This argument, too, is unavailing because Mellor addresses, not the covenant of quiet possession, but the covenant to defend. Id. at 648-649. The trial court did not err in granting summary judgment to Beal on the issue of breach of the covenant of quiet possession.

Campbell next argues that the trial court erred in granting summary judgment to Beal on the issue of the covenant to defend. The covenant to defend guarantees that "no lawful, outstanding claims against the property exist." Erickson, 156 Wn. App. at 158 (citing Masto v. Kumakichi Corp., 90 Wn. App. 157, 164, 951 P.2d 817 (2010)). It further guarantees that the grantor, upon tender of defense, will provide a good faith defense to title. Edmonson v. Popchoi, 172 Wn.2d 272, 283, 256 P.3d 1223 (2011). To establish breach of the warranty to defend, a grantee must establish (1) that a third party has asserted a superior right to the property, (2) that the grantee has properly tendered defense to the grantor, and (3) that the grantor has refused the tender. Erickson, 156 Wn. App. at 158-159.

---

[3] We also reject Campbell's argument that the denial of Lopez's motion for summary judgment demonstrates that Lopez did not have paramount title. The denial of a motion for summary judgment does not determine the merits of a claim. See, e.g., Rodin v. O'Beirn, 3 Wn. App. 327, 332, 474 P.2d 903 (1970) (noting that while the denial of a motion for summary judgment is usually grounded upon the presence of a triable issue of fact, it may rest on other grounds); Johnson v. Rothstein, 52 Wn. App. 303, 305-06, 759 P.2d 471 (1988) (stating that the denial of summary judgment is not a decision that determines the action).

Campbell disputes each of these elements and argues that Lopez did not have superior title, Beal did not properly tender defense, and Campbell did not refuse the tender. His arguments are without merit. Beal established through evidence that Lopez had adversely possessed the property for the statutory period of time, that Beal repeatedly tendered defense to Campbell, and that, although Campbell stated that he accepted tender, he placed numerous conditions on his acceptance and did not retain an attorney to defend Beal's title. Campbell failed to refute Beal's evidence.[4] We hold that the trial court did not err in finding as a matter of law that Campbell breached the covenant to defend.

### Damages

Both parties appeal the award of damages. The reasonableness of an award for damages is a question of fact, which this court reviews for abuse of discretion. Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc., 143 Wn. App. 345, 357-58, 177 P.3d 755 (2008). An appellate court generally will "not disturb an award of damages made by the fact finder unless it is outside the range of substantial evidence in the record. . . ." Harmony at Madrona Park Owners Ass'n v. Madison Harmony Dev., Inc., 160 Wn. App. 728, 737, 253 P.3d 101 (2011) (quoting Mason v. Mortgage Am., Inc., 114 Wn. 2d 842, 850, 792 P.2d 142 (1990)). A trial court "necessarily abuses its discretion if

---

[4] Campbell argues that Beal's tender of defense was ineffective because it was made before litigation commenced. He also argues that he acted pro se in defending Beal's title and was not obligated to retain an attorney. He provides no legal support for these arguments and we accordingly reject them.

8

it awards damages based upon an improper method of measuring damages." Farmer v. Farmer, 172 Wn.2d 616, 625, 259 P.3d 256 (2011).

Damages for lost property represent the difference between the value of the property as represented and the value of the property actually conveyed. Johnson v. Brado, 56 Wn. App. 163, 783 P.2d 92 (1989). Campbell argues that the trial court relied on an improper method to calculate damages, and thus necessarily abused its discretion. His argument is without merit.

At trial, Beal presented the testimony of a licensed real estate appraiser with 18 years' experience in the Vashon Island real estate market. In valuing the property, the appraiser performed a visual inspection, researched comparable properties, and assessed the value of the land without improvements to arrive at a "site value," or value of the land apart from any structures on it. Verbatim Report of Proceedings (VRP) at 39. She used the site value to determine the land value per square foot and, thus, the value of the lost property. The appraiser valued the lost property at $18,446.52. Campbell testified that in his experience as an investor and licensed real estate broker, the sale price of the property would have decreased by about $3,000 if it had been sold without the portion of the land claimed by Lopez. The trial court found the appraiser more credible and more persuasive than Campbell and awarded $18,446.52 in lost property damages.

On appeal, Campbell asserts that lost property value can only be determined in reference to the existing improvements on the lot, not by assessing the value of an improved lot as though it were vacant. Although Campbell cites to

numerous cases, these affirm only that damages for lost property represent the difference between the market value of the property as represented and the market value of the property actually conveyed. See, e.g., Johnson, 56 Wn. App. at 166; Friebe v. Supancheck, 98 Wn. App. 260, 269, 992 P.2d 1014 (1999); Hardinger v. Till, 1 Wn.2d 335, 339, 96 P.2d 262 (1939). Campbell does not provide support for his assertion that the appraiser's method of determining market value was improper.[5] We hold that the trial court did not rely on an improper method to calculate damages.

Beal also challenges the amount of the lost property award. Beal contends that the trial court erred when it held that Beal was entitled to interest on the lost property only from the date of the oral ruling when the lost property damages became liquidated.[6] Beal argues that Edmonson establishes that grantees should be awarded interest on the value of the lost property from the time of conveyance. Edmonson does not support this argument because the award of lost property damages was not at issue in that case. Id. at 277. We reject Beal's argument as unfounded.

---

[5] In discussing appropriate methods to calculate lost property damages, the Friebe court cited to Sahalee Country Club, Inc. v. State Bd. of Tax Appeals. Friebe, 98 Wn. App. at 269 (citing Sahalee Country Club, Inc. v. State Bd. of Tax Appeals, 108 Wn.2d 26, 735 P.2d 1320 (1987)). In Sahalee, the Court specifically recognized three appraisal methods approved by the American Appraisal Institute. Sahalee, 108 Wn.2d at 33. One of these, the cost method, involves estimating the value of the land as if vacant. Id.

[6] Prejudgment interest is allowed as a matter of right when the claim is liquidated. Colonial Imports v. Carlton Northwest, Inc., 83 Wn. App. 229, 245, 921 P.2d 575 (1996). A claim is liquidated when the amount of damages are known with exactness. Prier v. Refrigeration Engineering Co., 74 Wn.2d 25, 32, 442 P.2d 621 (1968). Beal does not dispute the trial court's ruling that the damages became liquidated on the date of the oral ruling.

10

Both parties dispute the award of attorney fees for breach of the covenant to defend. A grantee may recover as damages those attorney fees incurred defending title that were proximately caused by the grantor's breach of the covenant to defend. Edmonson v. Popchoi, 155 Wn. App. 376, 384, 228 P.3d 780 (2010) aff'd, 172 Wn.2d 272, 256 P.3d 1223 (2011). See also Mastro, 90 Wn. App. at 166-67 (analyzing whether breach of the covenant to defend was the proximate cause of attorney fees). Attorney fees incurred in a suit brought by the grantee against the grantor for breach of warranty are not recoverable. Mellor, 100 Wn.2d at 649-650. Where attorney fees are recoverable for only some part of a party's claims, the trial court must generally segregate the recoverable from the nonrecoverable fees. Loeffelholz v. Citizens for Leaders with Ethics and Accountability Now (C.L.E.A.N.), 119 Wn. App. 665, 691, 82 P.3d 1199 (2004). The reasonableness of an award of attorney fees is reviewed for abuse of discretion. Id. at 690.

Campbell argues that the trial court erred because it failed to segregate the attorney fees Beal incurred in his suit against Campbell from those he incurred in his suit against Lopez. We reject this argument. The trial court examined the attorney fees incurred by Beal and heard testimony from Beal, Beal's attorney, and Campbell concerning the fees. The court found that Campbell's conditional and ineffective responses to the tender of defense forced Beal to join his complaint against Campbell to his complaint against Lopez. The trial court thus found that all of Beal's attorney fees until the settlement were incurred defending title, and that Campbell's breach of the covenant to defend

11

was the proximate cause of those fees. The evidence supports the trial court's decision.

Beal also appeals the award of attorney fees. Beal argues that the trial court erred in awarding him only those attorney fees incurred until the settlement with Lopez. Beal contends that he should have received, in addition, the attorney fees he incurred after the settlement with Lopez until the grant of summary judgment against Campbell either as damages for Campbell's breach of the covenant to defend or in equity.

Beal's arguments are unavailing. A grantee may recover from a grantor who has breached the covenant to defend only those attorney fees incurred defending title. Edmonson, 155 Wn. App. at 384; Mellor, 100 Wn.2d at 649-650. After settling the adverse possession claim, Beal's further attorney fees were not incurred in defense of title.[7] The additional fees were thus not recoverable as damages for Campbell's breach of the covenant to defend.

Beal's argument in equity also fails. Equitable indemnity allows recovery of expenses incurred by an innocent party defending against litigation caused by the wrongful act of another. Dauphin v. Smith, 42 Wn. App. 491, 494-95, 713 P.2d 116 (1986). It does not provide a means to recover attorney fees incurred in a separate suit against the wrongdoer. Brock v. Tarrant, 57 Wn. App. 562, 572,

---

[7] Beal argues that the "abnormal nature of this case" and Campbell's "extreme bad faith" justify finding that Beal's additional attorney fees were incurred in defense of title and were proximately caused by Campbell's breach. Brief of Respondent at 39-40. Beal offers no legal support for this argument. Beal's argument also fails because the trial court expressly found that Campbell did not act in bad faith.

789 P.2d 112 (1990).[8] We find no error and affirm the trial court's award for damages.

Beal also requests attorney fees on appeal under RAP 18.1 and 18.9(a), asserting that Campbell filed a frivolous appeal. We decline to award fees on appeal.

_Spearman, C.J._

WE CONCUR:

_Cox, J._

---

[8] Beal argues that Brock stands for the proposition that an innocent party may recover fees incurred in a suit against a wrongdoer when the innocent party is forced to litigate the same issues that were addressed in prior litigation. This is incorrect. In Brock, the original plaintiff assigned his claim to the wrongdoer. Brock, 57 Wn. App. at 572. The innocent party was forced to defend against the wrongdoer the same issues that he would have had to defend against the original plaintiff. Id. Those are not the circumstances presented here.