[No. 32692.   Department Two.   April 29, 1954.]

ROBERT A. BOWMAN et al., Appellants, v. W. E. WEBSTER et al., Respondents.[1]

*Ralph B. Potts*, for appellants.

WEAVER, J.—Plaintiffs, as vendees of residential property, seek judgment requiring defendants, as vendors, to deed to them a triangular area adjacent to the property described in the contract of purchase and deed. In the alternative, plaintiffs pray for damages.

In *Bowman v. Webster*, 42 Wn. (2d) 129, 253 P. (2d) 934 (1953), we remanded this case to the trial court

[1] Reported in 269 P. (2d) 960.

" . . . with directions to the judge who tried the action to make and enter findings of fact concerning the material issues, as noted above, with appropriate conclusions of law, to be followed by the entry of judgment, from which either party may appeal." (p. 136.)

The additional findings of fact having been entered, plaintiffs appeal from a judgment dismissing their action with prejudice.

We will not repeat the facts appearing in our former opinion. From the new findings entered by the trial court, the following material facts appear:

Appellants visited and inspected the premises in January and February, 1950. They did not request respondents to point out the boundaries of the lot on which the house was located. Neither respondents nor the real-estate agent offered to point out the true boundaries of the lot. The disputed triangular area, which is actually a portion of the adjacent lot owned by respondents, was improved and planted so that its physical appearance constituted a representation that it was a portion of the lot being considered by appellants.

The trial court found that the physical appearance of the triangular plot deceived appellants and they believed that it was a portion of the lot described in the earnest-money receipt signed by them on February 20, 1950, and in the real-estate contract signed on June 3, 1950. Respondents knew, or should have known, that appellants believed they had contracted to purchase the disputed area.

In the middle of June, appellants learned the exact location of the true boundary, they knew then that their contract of purchase did *not* include the triangular area. On July 1st, they took possession of the premises.

On July 31st, respondents had the lots surveyed, as a preliminary to the construction of a new home on the lot retained by them. Iron stakes were set on the true boundary line between the two lots. All of this was known to the appellants.

In addition to all of this, the trial court found specifically:

" . . . that when plaintiffs [appellants] made the con-

tract payment on July 3, and negotiated for and obtained a mortgage on the property, and paid to defendants the entire balance on the purchase price, and accepted the deed on August 11, 1950, they *knew* that the true westerly boundary of Lot 22 was along the line A-C of Exhibit 1, rather than the line A-B *and that they were not purchasing the triangular area A-B-C* and defendants [respondents] knew that plaintiffs [appellants] did not believe they were purchasing said triangular area." (Italics ours.)

Upon disputed testimony, the trial court found that respondents had made no agreement to grant appellants an easement or other right to use the triangular area.

On August 5, 1950, respondents began excavation for the construction of their new home, which encroaches upon the westerly boundary of the triangular area. No further action was taken by appellants until the spring of 1951, when the parties held brief negotiations about trading land along their common boundary or the purchase of some of the triangle by appellants. The negotiations came to naught and appellants commenced this action.

The judgment of dismissal is based upon the trial court's finding and conclusion that appellants, by their action and conduct, after acquiring full knowledge that they were not getting the triangular area, had waived any rights they may have had to seek the remedies sought in this action.

█ The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. It may result from an express agreement or be inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forego some advantage. The right, advantage, or benefit must exist at the time of the alleged waiver. The one against whom waiver is claimed must have actual or constructive knowledge of the existence of the right. He must intend to relinquish such right, advantage, or benefit; and his actions must be inconsistent with any other intention than to waive them.

In *Kessinger v. Anderson*, 31 Wn. (2d) 157, 168, 196 P. (2d) 289 (1948), we quoted with approval from *Reynolds v. Travelers Ins. Co.*, 176 Wash. 36, 28 P. (2d) 310 (1910), as follows:

"An implied waiver may arise where one party has pursued such a course of conduct as to evidence an intention to waive a right, or where his conduct is inconsistent with any other intention than to waive it. An estoppel is a preclusion by act or conduct from asserting a right which might otherwise have existed, to the detriment and prejudice of another who, in reliance on such act or conduct, has acted upon it. *A waiver is unilateral* and arises by the intentional relinquishment of a right, or by a neglect to insist upon it, while an estoppel presupposes some conduct or dealing with another by which the other is induced to act, or to forbear to act." (Italics ours.)

■■ Once a party has relinquished a known right or advantage, he cannot reclaim it without the consent of his adversary. Whether there has been a waiver is a question for the trier of the facts.

■ We cannot agree with appellants' argument that although the doctrine of waiver may apply, under the circumstances, to a rescission of the contract, it does not apply when appellants seek reformation, specific performance, or damages. Appellants' right springs from the act of misrepresentation. That right may be waived, regardless of the remedy sought, whether it be rescission (*Power v. Esarey*, 37 Wn. (2d) 407, 224 P. (2d) 323 (1950)), damages (*Kessinger v. Anderson, supra*), reformation (*White v. T. W. Little Co.*, 118 Wash. 582, 204 Pac. 186 (1922)), or specific performance (*Blakely v. Sumner*, 62 Wash. 206, 113 Pac. 257 (1911)).

■ After learning that their agreement to purchase did not include the triangular area, appellants made the monthly payment due July 3, 1950, refinanced the contract by mortgage, made payment of the balance of the purchase price, and accepted the deed. They waited almost nine months before commencing this action.

The facts fully support the conclusion of the trial court

that appellants waived any rights they might have had arising from the purchase transaction.

The judgment is affirmed.

GRADY, C. J., SCHWELLENBACH, HILL, and DONWORTH, JJ., concur.