[No. 5076–1.   Division One.   July 24, 1978.]

FLOYD F. FULLE, *Appellant,* v. BOULEVARD EXCAVATING, INC., *Respondent.*

*Short, Cressman & Cable* and *Phillip Offenbacker,* for appellant.

*Thom, Mussehl, Navoni, Hoff, Pierson & Ryder* and *Thomas R. Dreiling,* for respondent.

FARRIS, C.J.—Floyd F. Fulle, the receiver in the consolidated receivership of Overlook Heights Associates and Overlook Investors, appeals from a judgment that claim 6A of his complaint was barred by the statute of limitations. Boulevard Excavating, Inc., cross–appeals alleging that all of Fulle's claims are barred by the equitable doctrines of estoppel, waiver and laches.

On April 15, 1969, Overlook Heights Associates, which owned property containing deposits of sand and gravel, entered into a royalty lease agreement with Boulevard Excavating, Inc., whereby Boulevard was to make monthly reports to Overlook Heights Associates on the amount of material it removed from the pit and to pay Overlook Heights Associates a specified price per truck yard. Boulevard commenced its operations in August 1969. Overlook Investors acquired property adjacent to the Overlook Heights Associates' pit and from November 1970, Boulevard removed material from both Overlook Heights Associates' and Overlook Investors' pits. The trial court found as a fact that Boulevard failed to report 155,075 truck yards (worth $68,233) which it removed from the pits between August 1969 and April 30, 1973 (claim 6A) and 68,862 truck yards (worth $30,987) which it removed between May 1, 1973, and December 31, 1974 (claim 6B).

This action was commenced on June 30, 1975, for breach of the royalty lease agreement which provided:

BOULEVARD shall pay a royalty of forty cents (40 cents) per cubic yard, truck measure, to OVERLOOK for all such pitrun and fill material removed and sold from said property to December 31, 1969. On January 1, 1970, this Royalty Agreement may be renegotiated by the above parties, but in no event will the royalty price per cubic yard, truck measure, exceed forty–five cents (45 cents) to December 31, 1970. Thereafter, as above, this royalty agreement may be renegotiated on a year to year basis.

Exhibit 6. The trial court found that the parties operated under an oral agreement after December 31, 1969, and that the 3–year statute of limitations applicable to oral contracts barred recovery for material removed prior to June 30, 1972. Since Fulle could not establish the amount of unreported material removed between June 30, 1972, and April 30, 1973, claim 6A was denied in its entirety.

The 6–year statute of limitations, RCW 4.16.040(2), applies to actions upon a contract in writing or liability, express or implied, arising out of a written agreement. Fulle contends that the contract here is a contract in writing for purposes of the statute since all of the material terms were written and only their continued validity was established by oral agreement. The duration of a contract is an essential term of the agreement. *Savage v. State,* 75 Wn.2d 618, 453 P.2d 613 (1969). If resort to parol evidence is necessary to establish any material element of the agreement, the contract is partly oral and the 3–year statute of limitations, RCW 4.16.080(3), applies. *National Bank of Commerce v. Preston,* 16 Wn. App. 678, 558 P.2d 1372 (1977). We therefore reject Fulle's first contention.

He argues alternatively that even if the 3–year statute of limitations is applicable, where part of his demand is barred by the statute and part is not, Boulevard on pleading the statute has the burden of showing the specific amount which falls within its protection. We agree. The statute of limitations is an affirmative defense, and its elements must be proved by the party asserting it. *Haslund v.*

*Seattle,* 86 Wn.2d 607, 547 P.2d 1221 (1976). It follows, therefore, that when the defense is partial only, *i.e.,* barring only a part of the damage, the defendant has the burden of proving what part occurred prior to the limitation period. *See Earl v. Clark,* 219 N.W.2d 487 (Iowa 1974); *Alston v. Bitely,* 252 Ark. 79, 477 S.W.2d 446 (1972); *Furrer v. Talent Irrigation Dist.,* 258 Ore. 494, 466 P.2d 605 (1970). Boulevard presented no evidence from which the trial court could determine what part, if any, of the unreported truck yardage was removed from the Overlook Heights Associates' and Overlook Investors' pits before June 30, 1972. Having failed to meet its burden of proof regarding the statute of limitations, Boulevard is liable for all of the damages which were proven under claim 6A.

In its cross appeal, Boulevard asserts that all of Fulle's claims are barred by "the equitable doctrines of estoppel, waiver and/or laches." These are affirmative defenses upon which Boulevard has the burden of proof. *See* CR 8(c). Waiver requires an element of knowledge and intent. *Rhodes v. Gould,* 19 Wn. App. 437, 576 P.2d 914 (1978). Estoppel and laches require some injury, prejudice or disadvantage to the defendant resulting from allowing the relief sought by the plaintiff. *Harbor Air Serv., Inc. v. Board of Tax Appeals,* 88 Wn.2d 359, 560 P.2d 1145 (1977); *Vance v. Seattle,* 18 Wn. App. 418, 569 P.2d 1194 (1977). In the absence of a finding by the trial court upon these material facts, we must imply a finding against the party having the burden of proof. *Rhodes v. Gould, supra.*

Affirmed in part, reversed insofar as Fulle was denied recovery under claim 6A.

CALLOW and DORE, JJ., concur.

Reconsideration denied October 17, 1978.

Review denied by Supreme Court February 16, 1979.