# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BIG BLUE CAPITAL PARTNERS OF WASHINGTON, LLC, | No.  46116-1-II |
| Appellant, | |
| v. | |
| REGIONAL TRUSTEE SERVICES CORPORATION;  SPECIALIZED LOAN SERVICING, LLC, the servicer of the loan at issue, and U.S. BANK NATIONAL ASSOCIATION, as Trustee for Terwin Mortgage Trust, 2005-4HE, Asset Backed Certificates, Series 2005-4HE, the current beneficiary, | |
| | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, P.J. — Big Blue Capital Partners of Washington LLC (Big Blue) appeals the superior court's summary judgment dismissal of its claims for damages, declaratory relief, and injunctive relief under the Deeds of Trust Act and the Consumer Protection Act against Regional Trustee Services Corporation (RTS), Specialized Loan Servicing LLC (SLS), and U.S. Bank National Association (U.S. Bank).  Big Blue argues that the superior court erred in granting summary judgment dismissal of its claims because (1) the superior court failed to consider Big Blue's amended complaint under CR 15(a); (2) there is a genuine issue of material fact regarding whether "Apreva, Inc.," the purported lender, had the capacity to contract and create a valid deed of trust and promissory note; and (3) Big Blue's declaratory judgment and damages claims were not waived under *Frizzell v. Murray*, 179 Wn.2d 301, 313 P.3d 1171 (2013).

No. 46116-1-II

We hold that the superior court erred when it rejected Big Blue's amended complaint, that a genuine issue of material fact exists regarding Apreva, Inc.'s capacity to contract and ability to create a valid deed of trust and promissory note, and that the superior court erred when it determined that Big Blue waived its declaratory judgment and damages claims. Consequently, we reverse the superior court's order granting summary judgment and remand to the superior court for proceedings consistent with this decision.

FACTS

I. BACKGROUND

In 2004, Dawne Delay obtained a loan from Apreva, Inc.[1] to purchase a residential property. The loan was evidenced by a promissory note and secured by a deed of trust encumbering Delay's real property. The promissory note and the deed of trust listed "Apreva, Inc., a Washington Corporation" as the lender, Mortgage Electronic Registration Systems (MERS) as the beneficiary, and Chicago Title Insurance Company as the trustee. Clerk's Papers (CP) at 59.

Sometime between 2005 and 2006, Apreva, Inc. indorsed the promissory note in blank to U.S. Bank. At this time, SLS was U.S. Bank's loan servicer. After this indorsement, U.S. Bank possessed the promissory note, and SLS began servicing the loan.

Pursuant to the deed of trust, Delay agreed to make monthly mortgage payments to Apreva, Inc., as required under the promissory note. Delay defaulted on the promissory note in

---

[1] One of the issues in this appeal concerns whether "Apreva, Inc." existed at the time the promissory note and deed of trust were executed. Apreva, Inc. was not incorporated or registered to do business in Washington. However, Apreva Financial Corporation was incorporated and registered to do business in Washington during the relevant times.

2

No. 46116-1-II

March 2012. Soon after, Delay filed for bankruptcy. On October 18, after Delay filed for bankruptcy, MERS assigned the deed of trust to U.S. Bank. On December 12, Delay's bankruptcy trustee deeded Delay's real property to Big Blue. The trustee's deed stated that Big Blue was subject to all encumbrances that existed at the time.

In May 2013, U.S. Bank recorded an appointment of successor trustee, appointing RTS as the deed of trust's successor trustee. In August, U.S. Bank again recorded an appointment of successor trustee, appointing RTS as the deed of trust's successor trustee. Later in August, RTS recorded a notice of trustee's sale, stating that the nonjudicial foreclosure sale of Big Blue's property was scheduled for November.

## II. PROCEDURE

### A. *Original Complaint*

In November, Big Blue filed a complaint against only RTS. In its complaint, Big Blue claimed that RTS violated the Deeds of Trust Act and the Consumer Protection Act. Big Blue's complaint alleged, among other things, that the promissory note and deed of trust executed between Delay and Apreva, Inc. were invalid because "Apreva, Inc., a Washington Corporation" did not exist at the time the note and deed of trust were executed. To support its contention, Big Blue attached an exhibit showing that Apreva, Inc. was not a Washington corporation and had not been registered to conduct business in Washington. Big Blue also sought declaratory judgment, injunctive relief, and damages.

Later in November, the superior court allowed SLS and U.S. Bank to intervene. Neither RTS, nor SLS, nor U.S. Bank ever filed an answer to Big Blue's complaint.

3

B.      *Temporary Injunction of Foreclosure Sale*

Big Blue sought a preliminary injunction enjoining RTS from proceeding with the nonjudicial foreclosure sale. In opposition to Big Blue's motion, SLS and U.S. Bank provided an exhibit showing that "Apreva Financial Corporation" was incorporated in Washington and was registered to do business in Washington from 1998 until 2007. CP at 309.

The superior court granted Big Blue's motion for a preliminary injunction restraining the foreclosure sale and required that Big Blue post a $200,000 bond. Big Blue failed to post the bond, and the preliminary injunction dissolved. RTS proceeded with the foreclosure sale and sold the property in December 2013.

C.      *Motion for Summary Judgment*

SLS and U.S. Bank filed a motion for summary judgment dismissal of Big Blue's claims. In support of its motion, SLS and U.S. Bank provided documents showing that Apreva, Inc. was registered as a foreign corporation in Utah at the time the promissory note and deed of trust were executed.

Two days before the hearing on SLS and U.S. Bank's motion for summary judgment, Big Blue filed an amended complaint, adding claims against SLS and U.S. Bank. In its amended complaint, Big Blue claimed that SLS and U.S. Bank violated the Consumer Protection Act and caused Big Blue to incur damages by improperly selling the property. At the summary judgment hearing, the superior court effectively rejected Big Blue's amended complaint, stating: "[Big Blue] cannot refer to a First-Amended Complaint that [it] didn't seek leave of the court to file in the first place. . . . You need to seek leave of the court as to whether or not you can file an

4

amended complaint at this point." Verbatim Report of Proceedings (VRP) (Feb. 21, 2014) at 16-17.

The superior court granted SLS and U.S. Bank's motion for summary judgment and dismissed all of Big Blue's claims with prejudice. In its oral ruling, the superior court stated that "as it relates to the declaratory judgment and injunctive relief damages. And pursuant to *Frizzell v. Murray* . . . the plaintiff has waived any relief under those two causes of action when it failed to restrain the sale." VRP (Feb. 21, 2014) at 31. Big Blue filed a motion for reconsideration, which the superior court denied. Big Blue appeals.

ANALYSIS

SUMMARY JUDGMENT

Big Blue argues that the superior court erred in granting summary judgment dismissal of its claims because (1) the superior court failed to consider Big Blue's amended complaint under CR 15(a), (2) there is a genuine issue of material fact regarding whether Apreva, Inc. had the capacity to contract and create a valid deed of trust and promissory note, and (3) Big Blue did not waive its declaratory judgment and damages claims under *Frizzell*. We agree that the superior court erred in granting summary judgment dismissal of Big Blue's claims.

A.      *General Legal Principles*

We review a superior court's order granting summary judgment de novo, engaging in the same inquiry as the superior court. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). We review all facts and reasonable inferences in the light most favorable to the nonmoving party. 181 Wn.2d at 783.

No. 46116-1-II

Summary judgment is appropriate only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c). A genuine issue of material fact exists when, after weighing the evidence, reasonable minds could reach different factual conclusions. *Jones v. State*, 170 Wn.2d 338, 352, 242 P.3d 825 (2010). "A material fact is one on which the litigation's outcome depends in whole or in part." *TT Props. v. City of Tacoma*, 192 Wn. App. 238, 245, 366 P.3d 465, *review denied*, 185 Wn.2d 1036 (2016).

B.      *Amended Complaint*

First, Big Blue argues that the superior court erred in failing to consider its amended complaint because it was entitled to amend its complaint under CR 15(a). We agree.

We review the superior court's decision of whether to allow a party to amend a complaint for an abuse of discretion. *Top Line Builders, Inc. v. Bovenkamp*, 179 Wn. App. 794, 814, 320 P.3d 130 (2014). A superior court's decision that is based on an erroneous view of the law is an abuse of discretion. *Dix v. ICT Group, Inc.*, 160 Wn.2d 826, 833, 161 P.3d 1016 (2007).

CR 15(a) governs the amendment of pleadings in civil actions. *Wallace v. Lewis County*, 134 Wn. App. 1, 25, 137 P.3d 101 (2006). CR 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

CR 7(a) defines a "pleading" as a complaint, an answer, a reply to a counterclaim, an answer to a cross claim, a third party complaint, or a third party answer.

6

On November 1, 2013, Big Blue filed its complaint against RTS. SLS and U.S. Bank later joined the suit as intervenor-defendants. Neither RTS, nor SLS, nor U.S. Bank filed an answer responding to Big Blue's complaint.

On February 19, 2014, two days before the summary judgment hearing, Big Blue filed an amended complaint alleging claims against SLS and U.S. Bank. At the summary judgment hearing, the superior court stated that Big Blue could not refer to an amended complaint because it had not sought leave of the court to file an amended complaint. We take this to mean that the superior court rejected Big Blue's amended complaint for failing to seek leave of the court.

CR 15(a) provides that a party may amend its pleading only by leave of court *when a responsive pleading has been filed*. But here, neither RTS, nor SLS, nor U.S. Bank filed an answer or other responsive pleading, as defined in CR 7(a). Because no responsive pleading had been filed, CR 15(a) permitted Big Blue to amend its pleadings once as a matter of course.[2] As a result, the superior court's decision to prevent Big Blue from amending its pleading was based on an erroneous view of CR 15(a). Thus, the superior court abused its discretion in prohibiting Big Blue from amending its complaint.

Further, Big Blue's amended complaint raised claims against SLS and U.S. Bank that were not included in its original complaint and were not addressed by the parties' summary

---

[2] SLS and U.S. Bank contend that, even where a party properly amends their complaint under CR 15(a), amending a complaint days before a hearing on a summary judgment motion is an improper tactic that should not be "rewarded." Br. of Resp't at 23. Despite SLS and U.S. Bank's contention, CR 15(a) clearly permits a party to amend their complaint where, as here, the defendants fail to file responsive pleadings.

judgment pleadings.[3]  As a result, the superior court erred in granting summary judgment dismissal of Big Blue's claims without first considering Big Blue's amended complaint.

C.      *Capacity To Contract*

Big Blue argues that the superior court erred in granting summary judgment dismissal of its claims because there is a genuine issue of material fact regarding whether Apreva, Inc. had the capacity to contract and create a valid promissory note and deed of trust.  Specifically, Big Blue argues that the promissory note and deed of trust are invalid because they note that "Apreva, Inc., a Washington Corporation," was the lender for the loan, but Apreva, Inc. was not a Washington corporation at the time the promissory note and deed of trust were formed.[4]  SLS and U.S. Bank argue that Big Blue waived its right to challenge the validity of the promissory note and deed of trust.  Nonetheless, SLS and U.S. Bank argue that the promissory note and deed of trust contain a nonprejudicial misnomer because Apreva. Inc. was actually a Utah corporation. We determine that there is a genuine issue of material fact regarding whether a mere misnomer affected the promissory note and deed of trust.

---

[3] At oral argument, SLS and U.S. Bank argued for the first time on appeal that the superior court's decision to grant summary judgment dismissal of Big Blue's claims was proper because Big Blue failed to support its amended complaint with sufficient facts.  Wash. Court of Appeals oral argument, *Big Blue Capital Partners of Wash. v. Reg'l Tr. Servs. Corp.*, No. 46116-1-II (Oct. 26, 2017), at 26 min, 15 sec. to 27 min, 10 sec. (on file with court).  We generally will not consider an issue raised for the first time during oral argument where there is no briefing on the issue.  *Swank v. Valley Christian Sch.*, 188 Wn.2d 663, 675 n.6, 398 P.3d 1108 (2017).  Neither party briefed this issue; as a result, we decline to consider this argument.  RAP 9.12.

[4] Big Blue appears to argue that the deed of trust is unenforceable under the statute of frauds, codified in RCW 64.04.010.  RCW 64.04.010 requires that any contract for the conveyance of real property contain a sufficient description of the property, including its lot number, block number, addition, city, county, and state.  Big Blue does not challenge the sufficiency of the property description in the deed of trust, and its argument fails.

No. 46116-1-II

    1. Waiver

    As an initial matter, SLS and U.S. Bank contend that Big Blue waived its right to challenge the validity of the promissory note and deed of trust because Big Blue purchased the property subject to all existing encumbrances. We disagree.

    "'A waiver is the intentional and voluntary relinquishment of a known right'" and may result from an express agreement or be inferred from circumstances indicating an intent to waive. *Schroeder v. Excelsior Mgmt. Grp., LLC*, 177 Wn.2d 94, 106, 297 P.3d 677 (2013) (quoting *Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954)). "Waiver is disfavored, and a party seeking to establish waiver has a heavy burden of proof." *Saili v. Parkland Auto Ctr., Inc.*, 181 Wn. App. 221, 225, 329 P.3d 915 (2014).

    SLS and U.S. Bank fail to show that the trustee's deed conveying the property to Big Blue constitutes an express or implied waiver of its right to challenge the deed of trust. *See* RCW 61.24.060(1) ("The purchaser at the trustee's sale shall be entitled to possession of the property . . . as against the borrower and grantor under the deed of trust."). As evidence of waiver, SLS and U.S. Bank rely on the mere fact that the deed stated that Big Blue was subject to all encumbrances that existed at the time. This is insufficient to show that Big Blue intentionally and voluntarily relinquished its right to challenge the deed of trust by purchasing the property pursuant to a trustee's deed. Thus, this argument fails.

    2. Capacity To Contract Analysis

    Big Blue argues that there is a genuine issue of material fact regarding whether Apreva, Inc. had the capacity to contract and create a valid promissory note and deed of trust. We agree.

9

The primary objective in contract interpretation is to determine the intent of the parties at the time they executed the contract. *Viking Bank v. Firgrove Commons 3, LLC*, 183 Wn. App. 706, 712, 334 P.3d 116 (2014). The intent of the parties may be discovered from the actual language of the agreement and from "'viewing the contract as a whole, the subject matter and objective of the contract, all circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.'" *Berg v. Hudesman*, 115 Wn.2d 657, 667, 801 P.2d 222 (1990) (quoting *Stender v. Twin City Foods, Inc.*, 82 Wn.2d 250, 254, 510 P.2d 221 (1973)).

Under RCW 62A.3-110(a), the person to whom an instrument is initially payable is determined by the intent of the party whom issued the instrument. "The instrument is payable to the person intended by the signer even if that person is identified in the instrument by a name or other identification that is not that of the intended person." RCW 62A.3-110(a). Generally, the mere misnomer of a corporate defendant is immaterial in actions at law and is permissible when the misnomer is sufficiently close to the corporation's true name, so as to distinguish it from other corporations. 19 AM. JUR. 2d *Corporations* § 1907 (2017). A misnomer is fatal only when it is "so material and substantial as to indicate a different entity or to produce doubts as to the corporation intended." 19 AM. JUR. 2d *Corporations* § 1907 (2017).

Delay obtained a loan from Apreva, Inc., which was evidenced by a promissory note and secured deed of trust. Both the promissory note and the deed of trust state that the lender of the loan is "Apreva, Inc., a Washington Corporation." CP at 59. The promissory note also required that Delay make monthly payments to Apreva, Inc. and provided a mailing address. Delay made

monthly payments to Apreva Inc. for several years before defaulting on the loan. Big Blue later obtained Delay's property through a trustee's deed.

The superior court had before it several documents regarding this issue: attachments to Big Blue's complaint showing that Apreva, Inc. was not a Washington corporation, an exhibit showing that an entity named "Apreva Financial Corporation" was incorporated in Washington and was registered to do business in Washington from 1998 until 2007, and documents showing that "Apreva, Inc." was registered as a foreign corporation in Utah at the time the promissory note and deed of trust were executed. CP at 309; Suppl. CP at 891.

While it is clear that Delay intended to enter into a contract with Apreva, Inc. to obtain a loan for the property, there is a genuine issue of material fact regarding whether Apreva, Inc. had the capacity to enter into this contract or whether the promissory note and deed of trust contained a misnomer. Viewing the evidence and its inferences in a light most favorable to Big Blue, Apreva, Inc. did not exist at the time the promissory note and deed of trust were executed.

Although SLS and U.S. Bank contend that Apreva, Inc. was actually a Utah corporation, their contention is incorrect. Apreva, Inc. was registered as a *foreign corporation in Utah*, meaning that Apreva, Inc. was registered to do business in Utah but was incorporated in a different state. There is no evidence in our record showing the state in which Apreva, Inc. was registered.

Additionally, reasonable minds could reach different conclusions about whether a misnomer affected the promissory note and deed of trust. A genuine issue of material of fact exists regarding whether Apreva, Inc. was the same corporation as Apreva Financial Corporation and whether Apreva, Inc. had the capacity to execute the promissory note and deed of trust. The

11

difference between the names "Apreva, Inc." and "Apreva Financial Corporation" is substantial and produces doubts about the entity that executed the promissory note and deed of trust. Although it is possible that Apreva, Inc. is a simple misnomer, this fact cannot be determined on summary judgment on the record before this court.[5] Accordingly, the superior court erred in granting summary judgment dismissal of Big Blue's claims on this ground as well.

D.      *Waiver of Declaratory Judgment and Damages Claims*

Big Blue also argues that the superior court erred in granting summary judgment dismissal of its declaratory judgment and damages claims when it determined that these claims were waived under *Frizzell*.  We agree.

In *Frizzell*, the Supreme Court examined the Deeds of Trust Act's waiver provision under RCW 61.24.040(1)(f)(IX).  179 Wn.2d at 306.  The court noted that a borrower's failure to pursue *presale* remedies under the Deeds of Trust Act may result in a waiver of his or her right to object to the trustee's sale under RCW 61.24.040(1)(f)(IX)'s waiver provision.  179 Wn.2d at 306-07.  The court stated that waiver may occur when the borrower: "'(1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale.'"  179

---

[5] SLS and U.S. Bank argue that Apreva's state of incorporation is immaterial under RCW 62A.3-110(a).  However, to enforce the deed of trust and promissory note, U.S. Bank must establish ownership of the loan at issue.  *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, 111, 285 P.3d 34 (2012).  An indorsement by a nonexistent payee is unauthorized.  *See Marston Enters., Inc. v. Seattle-First Nat'l Bank*, 57 Wn. App. 662, 666, 789 P.2d 784 (1990).  An unauthorized indorsement is generally wholly inoperative to pass title, and "an unauthorized [i]ndorsement prevents a holder from becoming a holder in due course."  57 Wn. App. at 666.  Accordingly, U.S. Bank may not be a valid holder of the deed of trust and promissory note if Apreva, Inc. is a nonexistent entity.

No. 46116-1-II

Wn.2d at 306-07 (quoting *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003)). Accordingly, the court reasoned that a borrower may waive defenses to the sale even if he or she attempts to obtain an injunction but is unable to satisfy the payment condition. 179 Wn.2d at 308.

However, the Supreme Court noted that such waiver does not apply to *all* potential claims. 179 Wn.2d at 310. The court reviewed RCW 61.24.127(1) and determined that the failure to enjoin a foreclosure sale may not be deemed a waiver of the four specific types of actions for damages listed in the statute. *See* 179 Wn.2d at 310; *see also* RCW 61.24.127(1). Two of the actions listed in RCW 61.24.127(1) are for the failure of the trustee to materially comply with the Deeds of Trust Act and for a violation of the Consumer Protection Act under Title 19 RCW. RCW 61.24.127(1)(b), (c). Despite this, the nonwaived claims "may not affect in any way the validity or finality of the foreclosure sale or a subsequent transfer of the property" and "may not operate in any way to encumber or cloud the title to the property that was subject to the foreclosure sale." RCW 61.24.127(2)(c), (e).

Big Blue filed its complaint arguing, among other things, that RTS failed to comply with the Deeds of Trust Act and violated the Consumer Protection Act. Big Blue sought damages for these claims. Big Blue also sought a preliminary injunction that enjoined RTS from selling the property in a nonjudicial foreclosure sale. The superior court granted the preliminary injunction and ordered Big Blue to post a $200,000 bond. Big Blue failed to post the bond, and the preliminary injunction dissolved. Soon after, RTS sold the property in a nonjudicial foreclosure sale.

13

In its motion for summary judgment, SLS and U.S. Bank argue that Big Blue's claims for declaratory judgment and injunctive relief were waived under *Frizzell* because Big Blue failed to post bond and enjoin the nonjudicial foreclosure sale of the property. At the hearing on SLS and U.S. Bank's summary judgment motion, the superior court stated that "there is a request for summary judgment as it relates to the declaratory judgment and injunctive relief damages. And pursuant to *Frizzell v. Murray* . . . the plaintiff has waived any relief under those two causes of action when it failed to restrain the sale." VRP (Feb. 21, 2014) at 31. The superior court granted summary judgment dismissal of Big Blue's claims.

Big Blue attempted to obtain a preliminary injunction enjoining the nonjudicial foreclosure sale of the property, but the injunction dissolved because Big Blue failed to post the required bond. Accordingly, Big Blue waived its right to object to the trustee's sale of the property.[6]

Big Blue's waiver however, does not, extend to its claims for damages due to the trustee's alleged failure to materially comply with the Deeds of Trust Act or alleged violations of the Consumer Protection Act. It appears that the superior court relied on *Frizzell* in determining that Big Blue's damages claims for the trustee's alleged failure to comply with the Deeds of Trust Act and alleged violations of the Consumer Protection Act were waived. Thus, the superior court erred in granting summary judgment on Big Blue's damages claims without

---

[6] At oral argument, Big Blue conceded that its challenges under the Deeds of Trust Act were waived. Wash. Court of Appeals oral argument, *supra*, at 0 min, 1 sec. to 0 min, 17 sec.

No. 46116-1-II

determining whether Big Blue was entitled to damages under the Deeds of Trust Act or

Consumer Protection Act.[7]

ATTORNEY FEES ON APPEAL

Big Blue, SLS, and U.S. Bank argue that they are entitled to attorney fees on appeal.

Because no applicable law authorizes an award of attorney fees, we decline to award attorney

fees to any of the parties.

A prevailing party may recover attorney fees on appeal when the fees are authorized by

statute, equity, or the parties' agreement. *Thompson v. Lennox*, 151 Wn. App. 479, 484, 212

P.3d 597 (2009); *see* RAP 18.1(a). RCW 4.84.330 provides that the prevailing party in a

contract action is entitled to attorney fees if the contract authorizes such an award.

The deed of trust provides:

> Lender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument. The term "attorneys' fees," whenever used in this Security Instrument, shall include without limitation attorneys' fees incurred by Lender in any bankruptcy proceeding or on appeal.

CP at 72.

The deed of trust authorizes attorney fees on appeal only to the lender. Because Big Blue

is in the shoes of the borrower in this action, it is not entitled to attorney fees under the deed of

trust. In addition, SLS and U.S. Bank are not the prevailing party on appeal and are not entitled

to attorney fees under RAP 18.1(a).

---

[7] Big Blue also argues that the superior court erred in granting summary judgment dismissal of its claims because it considered declarations that contained hearsay and were contradictory. Because we reverse the summary judgment dismissal on other grounds, we do not consider this argument.

15

No. 46116-1-II

We reverse the superior court's order granting SLS and U.S. Bank's motion for summary judgment and remand to the superior court for proceedings consistent with this decision.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.

16