IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KITTITAS COUNTY, a municipal corporation and political subdivision of the State of Washington, | ) ) ) ) | No. 38228-1-III |
| Appellant, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| SKY ALLPHIN, INDIVIDUALLY AND AS ASSIGNEE OF ABC HOLDINGS, INC., and the WASHINGTON STATE DEPARTMENT OF ECOLOGY, | ) ) ) ) ) ) | |
| Respondent. | ) | |

HILL, J.[*] — This court is once again called upon to resolve an issue involving a decade-long Public Records Act (PRA), ch. 42.56 RCW dispute between Sky Allphin and Kittitas County. In 2016, we directed the trial court to determine an appropriate cost, attorney fee, and per diem award in accordance with RCW 42.56.550(4) relating to six e-mails the County improperly withheld from Mr. Allphin. However, the matter was never scheduled for a hearing.

---

[*] Judge Tyson R. Hill is serving as judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

In 2021, the County asked the trial court to find that Mr. Allphin's failure to note the matter for hearing indicated he waived his statutory right to any award relating to the six e-mails. Although Mr. Allphin responded to the County's motion, explained why he had not yet scheduled a hearing, and adamantly denied waiver, the trial court found Mr. Allphin waived his right to fees, costs, or a per diem penalty.

Mr. Allphin appeals. Finding no evidence he intended to waive, we reverse and once again remand to the trial court.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Beginning in 2011, Kittitas County (County) issued a notice of violation and abatement to Chem-Safe Environmental, Inc., and its parent company, ABC Holdings, Inc. (collectively Chem-Safe) for handling and storing moderate risk waste without the proper permits. *Kittitas County v. Allphin*, 195 Wn. App. 355, 358-59, 381 P.3d 1202 (2016) (published in part). Sky Allphin, the president of Chem-Safe, submitted a PRA request seeking records, including e-mail correspondence, relating to the investigation of his business. *Id*. at 359. The County sought to protect some of the e-mails from disclosure. *Id*. The trial court reviewed two batches of e-mails in camera and determined they were exempt from production under the PRA. *Id*. at 358-59. The parties eventually filed cross motions for summary judgment. *Id*. at 363. The trial court granted summary judgment in favor of the County, holding it did not violate the PRA, and dismissed Mr. Allphin's counterclaims with prejudice. Mr. Allphin appealed.

We largely upheld the trial court's ruling, reversing only in part. *Allphin*, 195 Wn. App. 355. We concluded the County improperly withheld a group of six e-mails for a period of 98 days. *Id.* On remand, we directed the trial court to determine the costs and fees reasonably incurred in obtaining the six e-mails and deferred to the trial court on the issue of any per diem penalty under RCW 42.56.550(4). *Id.*

Mr. Allphin sought discretionary review, which our Supreme Court granted "only as to the issue of whether the emails . . . are exempt from public records production as attorney work product under the 'common interest doctrine.'" *Kittitas County v. Allphin*, 187 Wn.2d 1001, 386 P.3d 1089 (2017). The Supreme Court affirmed, and the opinion became final on August 15, 2018. *Id*; The Supreme Court Clerk issued an award against the County and in favor of Mr. Allphin in the amount of $2,503.09 for appellate attorney fees and expenses. On January 29, 2019, the Clerk issued an amended supplemental judgment in that same amount. The County attempted to tender payment, but Mr. Allphin refused due to a disagreement with the satisfaction language. Specifically, Mr. Allphin believed the County's satisfaction language would have precluded further recovery of the fees and costs and potential per diem penalties authorized in our 2016 opinion. In February 2019, the County informed Mr. Allphin it had deposited $2,513.79, which included prejudgment interest, into the registry of the court in accordance with RCW 4.56.100.

Mr. Allphin did not withdraw the funds. Instead, over the next two years he continued to pursue PRA claims relating to Chem-Safe's storing violations. In January 2019, he e-mailed the county prosecutor requesting physical inspection of records, but it was delayed due to the

unavailability of the prosecutor. In April and July 2019, he was able to examine some of the County's files. In January 2020, Mr. Allphin's attorney corresponded with the County regarding whether it had destroyed or failed to disclose responsive records. Correspondence continued through 2020, with one of the County's attorneys explaining that further inspection was on hold due to COVID[1] concerns. The County produced additional records in July and September 2020.

On February 25, 2021, the County filed a motion arguing that Mr. Allphin waived his right to any award associated with the six e-mails. The County argued that Mr. Allphin's failure to note the matter for a hearing, coupled by his refusal to accept the County's payment of the Supreme Court's supplemental judgment award, demonstrated "an informed, voluntary, and unequivocal rejection of any penalty or attorney fee award in connection with this lawsuit." Clerk's Papers (CP) at 23.

Mr. Allphin, appearing pro se, responded in writing and appeared at the hearing. He denied waiving anything. Throughout his brief and oral argument, Mr. Allphin intermixed his requests for penalties regarding the six e-mails with allegations of further violations warranting a penalty. He moved for "a delay in hearings," arguing it would be premature for the court to make a ruling until the County released all the documents he felt were related to his case. Further, he explained he had not accepted the County's payment of the Supreme Court's award because he believed the satisfaction language the County included would have precluded recovery of the fees, costs, and potential per diem penalties authorized by this court.

---

[1] Coronavirus disease.

After listening to Mr. Allphin's remarks, the County responded:

And so, Your Honor, I guess, as I hear Mr. Allphin talk, I'm just sort of thinking about the complexity of the records requests here, but the status of litigation is actually not very complicated at all. The Court of Appeals issued its remand decision. The law of the case is fairly well set out for Your Honor to make a decision on penalty for six e-mails withheld 98 days and attorneys' fees incurred in trial court related thereto.

So, Your Honor, we just ask you to implement the remand decision, make a—make a ruling on the issue of the satisfaction of judgment. And if Mr. Allphin thinks there are other e-mails that are missing, then I'm sure he will continue to raise those topics with the County, and the County will continue to respond accordingly. But that's a separate matter from the status of this—this litigation.

Report of Proceedings at 28.

The trial court took the matter under advisement. In its written decision, rather than setting a fees and costs amount as directed by this Court, and as suggested in the County's closing remarks, or continuing the matter for a hearing, the trial court ruled "Chem-Safe has by inaction waived its statutory right to an award of penalties and costs (including attorneys' fees) pursuant to RCW § 42.56[.]550(4) for work litigating this matter before this Court between 2013 and 2015." CP at 15. The trial court based its decision entirely on Mr. Allphin's failure to note the matter for a hearing, finding:

(5) There is no evidence that any circumstances or condition precluded Chem-Safe from moving in this Court for a per diem penalty and cost award pursuant to RCW § 42.56.550(4). Chem-Safe's decision that it would not seek a per diem penalty and cost award pursuant to RCW § 42.56.550(4) was knowing and voluntary[.]

(6) Chem-Safe's conduct, in refusing to move in this Court for a per diem penalty and cost award pursuant to RCW § 42.56.550(4) for more than four years, establishes the intent of Chem-Safe to knowingly and voluntarily abandon its right to a penalty and cost award pursuant to RCW § 42.56.550(4)[.]

5

CP at 14. Mr. Allphin moved for reconsideration, which was denied. He now appeals,

challenging the trial court's findings nos. 5 and 6, contending he did not waive the ability to seek

fees, costs, and a per diem penalty, and arguing the County's motion should have been dismissed

for failing to comply with CR 41.

ANALYSIS

A trial court's findings of fact are reviewed under the substantial evidence test. *Petters v.*

*Williamson & Assocs.*, 151 Wn. App. 154, 163-64, 210 P.3d 1048 (2009). "Substantial evidence

is evidence in sufficient quantity to persuade a fair-minded, rational person of the truth of the

declared premise." *In re Welfare of T.B.*, 150 Wn. App. 599, 607, 209 P.3d 497 (2009). On a

sufficiency challenge, evidence is viewed in the light most favorable to the responding party on

appeal. *Structurals Nw., LTD. v. Fifth & Park Place, Inc.*, 33 Wn. App. 710, 716, 658 P.2d 679

(1983). Whether waiver has occurred is generally a question for the trier of fact. *Bowman v.*

*Webster*, 44 Wn.2d 667, 670, 269 P.2d 960 (1954). Reviewing courts defer to the trial court's

determinations on the weight of the evidence, witness credibility, and conflicting testimony.

*State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

The facts in this case are not in dispute. Instead, we are tasked with determining whether

substantial evidence supports the trial court's finding that Mr. Allphin's failure to move the court

for fees, costs, and a per diem award was intentional and established a knowing and voluntary

waiver of his rights under RCW 42.56.550(4) and this court's 2016 order. We hold the facts do

not support the trial court's findings.

*Waiver*

"Waiver is a troublesome term in the law." *Reynolds Metals Co. v. Elec. Smith Constr. & Equip. Co.*, 4 Wn. App. 695, 699, 483 P.2d 880 (1971) (citing 5 SAMUEL WILLISTON, A TREATISE ON THE LAW OF CONTRACTS § 678 (3d ed. 1961). There is no one single definition. *Reynolds*, 4 Wn. App. at 699 (quoting 17 AM. JUR. 2D *Contracts* § 390 (1964)). Ultimately, the circumstances will dictate what constitutes waiver. *Id*.

Although waiver may be difficult to define, consistent throughout our case law is the principle that waiver requires both knowledge and intent. (*See, e.g*., "Waiver requires an element of knowledge and intent." *Fulle v. Boulevard Excavating, Inc*, 20 Wn. App. 741, 582 P.2d 566 (1978) (citing *Rhodes v. Gould*, 19 Wn. App. 437, 576 P.2d 914 (1978)). "Waiver is essentially a matter of intention. Negligence, oversight or thoughtlessness does not create it." *Dombrosky v. Farmers Ins. Co. of Wash.*, 84 Wn. App. 245, 255, 928 P.2d 1127 (1996) (citing *Reynolds,* 4 Wn. App. at 700); "[T]here must be unequivocal acts or conduct evincing an intent to waive." *Wagner v. Wagner*, 95 Wn.2d 94, 102, 621 P.2d 1279 (1980) (citing *Birkeland v. Corbett*, 51 Wn.2d 554, 565, 320 P.2d 635 (1958)). Waiver may be express, but it may also be implied through a party's conduct. *224 Westlake, LLC v. Engstrom Props., LLC*, 169 Wn. App. 700, 714, 281 P.3d 693 (2012). Implied waiver occurs when a party's unequivocal acts or conduct demonstrate an intent to waive. *Id*.

Our Supreme Court explained:

The doctrine of waiver ordinarily applies to all rights or privileges to which a person is legally entitled. A waiver is the intentional and voluntary relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right. It may result from an express agreement or be

> inferred from circumstances indicating an intent to waive. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forego some advantage. The right, advantage, or benefit must exist at the time of the alleged waiver. The one against whom waiver is claimed must have actual or constructive knowledge of the existence of the right. He must intend to relinquish such right, advantage, or benefit; and his actions must be inconsistent with any other intention than to waive them.

*Bowman v. Webster*, 44 Wn.2d 667, 669, 269 P.2d 960 (1954).

While there is no case directly on point, *Bainbridge Island Police Guild v. City of Puyallup* is helpful. 172 Wn.2d 398, 259 P.3d 190 (2011). In *Bainbridge*, the cities of Bainbridge Island and Puyallup received multiple PRA requests for two reports, designated as MIIIR[2] and PCIR[3], relating to two independent investigations involving Officer Steven Cain. *Id*. at 404-05. Puyallup notified Officer Cain it intended to produce the PCIR absent an order enjoining release. *Id*. at 405. Officer Cain did not seek an injunction and Puyallup produced the PCIR. *Id*. Officer Cain subsequently filed a complaint to prevent Bainbridge Island from producing the MIIIR and the PCIR but failed to join Mercer Island or Puyallup as a party. *Id*. The trial court ruled production of the reports would violate Officer Cain's privacy rights and withheld them. *Id*. Later, different individuals submitted PRA requests to Puyallup for the PCIR. *Id*. at 406. Officer Cain moved to enjoin Puyallup from producing the record. The trial court withheld the report under the personal information exemption. *Id*. A similar result occurred in Mercer Island. *Id*. On appeal, the Appellants argued Officer Cain waived his right to privacy in the PRA case when he failed to object or seek an injunction after the first request.

---

[2] Mercer Island internal investigation report.
[3] Puyallup criminal investigation report.

The Court concluded that Officer Cain's actions were inconsistent with an intent to waive his right to privacy. *Id.* at 410. The Court noted that although Officer Cain failed to take certain steps to secure his privacy interests, and that other options were available to him which he neglected, his subsequent actions did not suggest an intentional and voluntary relinquishment of his right to privacy. *Id*. at 410. The Court wrote

> In hindsight, Officer Cain should have either joined Puyallup in the Kitsap County action to prevent Bainbridge Island's production, or Officer Cain should have filed a separate action to enjoin production by Puyallup, but Officer Cain did neither. What Officer Cain did do was continue a legal battle to prevent the production of both the PCIR and the MIIIR by Bainbridge Island. Officer Cain['s] . . . lawsuit against Bainbridge Island to prevent production is consistent with an intention to *protect* Officer Cain's right to privacy, not to forever waive it.

*Id*. (alteration in original).

Despite his missteps and misunderstandings, Mr. Allphin has not shown any intention to waive his right to an award pursuant to RCW 42.56.550(4) and this Court's order. While the proper course would have been for Mr. Allphin to note the matter for a hearing some time ago, his explanation for the delay was supported by his actions.

Between the Supreme Court's mandate and the County's February 2021 filing, Mr. Allphin continued to seek and review documents related to his PRA case, including repeated correspondence with the County's attorneys. While he mistakenly believed he needed to resolve all his PRA matters before seeking an award for the six e-mails, "mistake" is not the same as "intent." When the County filed its waiver motion, Mr. Allphin responded by brief and appeared at the hearing, demonstrating he wished to pursue his claims. His explanation that he did not accept the County's tender of the $2,513.79 because he was afraid doing so would preclude an

9

award on his other PRA matters, including the six e-mails, may be misguided, but it does not

suggest an intent to waive. Quite the opposite. The trial court should have denied the County's

motion and held a hearing in compliance with our 2016 decision.

Regarding that decision, we:

> direct[ed] the trial court to determine the appropriate cost and attorney fee award
> for those costs Mr. Allphin incurred in the trial court relating to these six e-mails.
> In addition to an award of costs and attorney fees, RCW 42.56.550(4) gives a
> court discretion to award Mr. Allphin a per diem penalty for each day the County
> withheld these records. We defer this discretionary award to the trial court.

*Allphin*, No. 33241-1-III, slip op. (unpublished portion) at 36,

https://www.courts.wa.gov/opinions/pdf/332411_unp.pdf. This decision still stands.[4]

## CONCLUSION

As the trial court based its finding of waiver entirely on the passage of time, and because

Mr. Allphin's response and his actions demonstrated an understandable, though erroneous,

understanding of the effect of our mandate, substantial evidence does not support the trial court's

findings. Finding no waiver, we therefore reverse and remand to the trial court for action

---

[4] Mr. Allphin also argues the County was required to file a CR 41 motion if it wished to dismiss his case, rather than a general waiver motion. Because the trial court based its decision solely on waiver, and not CR 41, and because we reverse on this issue, we need not reach this issue.

No. 38228-1-III
*Kittitas County v. Allphin, et al*

consistent with our 2016 opinion. To avoid any confusion on remand, we direct Mr. Allphin, as

the prevailing party, to note the matter for a hearing within 90 days.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Hill, J.

WE CONCUR:

Fearing, J.

Pennell, J.

11